**Daniel John SORG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–84–151 CR.**

Court of Appeals of Texas, Beaumont.

Jan. 23, 1985.

Rodney Conerly, Port Arthur, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BURGESS, Justice.

Appellant was tried by information for the offense of driving while intoxicated, a second offense. He was found guilty by a jury and the jury assessed punishment at two years in the county jail and imposed a fine of $2000.00. Appeal has been perfected to this court.

Appellant does not challenge the sufficiency of the evidence, but raises two complaints about the information. His ground of error number one states:

"The information failed to allege an offense."

The information alleges in part that appellant did "on or about May 23, 1984" ... while under the influence of intoxicating liquor, drive and operate a motor vehicle in a public place....

*Tex.Rev.Civ.Stat.Ann. art. 6701l–1 sec. (b)* (Vernon Supp.1984) as amended and effective January 1, 1984 states in part: "A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place." "Intoxicated" is defined in *Art. 6701l–1 sec. (a)(2)* as "(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or (B) having an alcohol concentration of 0.10 percent or more."

The statute, prior to its amendment, stated in relevant part: "Any person who drives or operates an automobile ... while such person is intoxicated or under the influence of intoxicating liquor, shall be guilty...." *Tex.Rev.Civ.Stat.Ann. art. 6701l–1* (Vernon 1977) (amended 1984).

Neither "intoxicated" nor "under the influence of intoxicating liquor" was defined in the prior statute. These terms were held to be synonomous in *Williams v. State*, 165 Tex.Crim. 202, 305 S.W.2d 369 (1957). It was also held that it was not necessary to define these terms since they were not technical but had a commonly understood meaning. *Eddins v. State*, 155 Tex.Crim. 202, 232 S.W.2d 676 (1950).

Although a definition was not necessary, one had been approved which defined both terms as when "a person has taken into his stomach a sufficient quantity of intoxicating liquor so as to deprive him of the normal control of his bodily or mental faculties." *Lockhart v. State*, 108 Tex.Crim. 597, 1 S.W.2d 894, 895 (1927). *See also Waites v. State*, 401 S.W.2d 243 (Tex.Crim. App.1966) and *Moynahan v. State*, 140 Tex.Crim. 540, 146 S.W.2d 376 (1941).

■ The wording of an information need not strictly adhere to those of the statute. It is sufficient to use other words conveying the same meaning or which include the sense of the statutory words. *See Tex. Code Crim.Proc.Ann. arts. 21.17, 21.23* (Vernon 1966).

■ Although the present statute deletes the phrase "or under the influence of intoxicating liquors", that phrase is essentially codified in the definition of "intoxicated". The definition of "intoxicated" in the present statute simply enlarges the previous non-statutory definition. The information in this case does not use the word "intoxicated" or the exact statutory definition of "intoxicated", none the less, it incompasses the statutory definition in the

phrase "while under the influence of intoxicating liquor." Only when a charging instrument charges no offense at all will it be fundamentally defective. *Dennis v. State*, 647 S.W.2d 275 (Tex.Crim.App.1983). Appellant's ground of error number one is overruled.

Appellant's second ground of error states:

"The information fails to meet the requirement of culpability of article 6.02 of the Texas Penal Code."

■ *Ex Parte Ross*, 522 S.W.2d 214 (Tex.Crim.App.1975), specifically addressing this same question, held that no proof of a culpable mental state was required in driving while intoxicated prosecutions. The amended article still consists of only two elements: (1) intoxication and (2) driving or operating a motor vehicle in a public place. *Art. 6701l–1.* Ground of error number two is overruled. The judgment of the trial court is affirmed.

AFFIRMED.