**Byron Keith CHAMBERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68098**

Court of Criminal Appeals of Texas, En Banc.

Oct. 9, 1985.

Rehearing Denied Dec. 18, 1985.

**598**

Larry C. Hunter, Vidor, for appellant.

William C. Wright, Co. Atty., Orange, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

Appellant contends that his conviction for aggravated robbery violates the double jeopardy provisions of the United States Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure. He argues that the trial court erred in overruling his motion to dismiss based upon a plea of double jeopardy.

In September, 1979, appellant pleaded guilty to unauthorized use of a motor vehicle. The court deferred further proceedings without an adjudication of guilt and placed him on probation for three years. See Art. 42.12, Sec. 3d, V.A.C.C.P. In June, 1980, the court adjudicated guilt pursuant to the State's "Motion to Impose Guilt . . . ." The evidence introduced at the hearing to adjudicate guilt showed that appellant violated the conditions of his probation by committing an aggravated robbery while on probation under art. 42.12, Sec. 3d. The court assessed punishment at ten years' confinement. Appellant was subsequently tried and convicted by a jury for the aggravated robbery which was the basis for the revocation of probation and is the subject of the instant appeal.

Appellant contends that the subsequent trial and conviction for aggravated robbery violates double jeopardy provisions because the trial court had already considered the aggravated robbery when revoking his probation and adjudicating his guilt for the offense of unauthorized use of a motor vehicle, and also considered it when assessing the maximum punishment for the ajudicated offense.

The double jeopardy provisions in both the Texas and United States Constitutions provide that no person shall be twice put in jeopardy of life or liberty. Tex. Const. art. 1. Sec. 14; U.S. Const. amend. 5 & 14. This prohibits a second punishment for the same offense or a second trial for the same offense. This guarantee against multiple punishment or prosecution is not involved in a revocation of probation where the violation is considered in revoking probation, but where the punishment is assessed for the offense for which an accused was originally given probation. This same issue had been considered and rejected where revocation of "regular" probation was involved. *Russell v. State*, 551 S.W.2d 710 (Tex.Cr.App.1977); *Banks v. State*, 503 S.W.2d 582 (Tex.Cr.App.1974). Although probation under art. 42.12, Sec. 3d is a different kind of probation, the same rationale applies. Revocation proceedings for deferred adjudication probation and "regular" probation are essentially admin-

istrative proceedings and do not involve the same panoply of rights and considerations applicable to a formal criminal trial. See *Baehr v. State*, 615 S.W.2d 713, 716 (Tex. Cr.App.1981); *Davenport v. State*, 574 S.W.2d 73 (Tex.Cr.App.1978); *Russell*, supra. Because of the nature of these proceedings the double jeopardy protections of both the Texas and United States Constitutions do not apply. *Davenport*, supra; *Russell*, supra.

> The procedures and protections of a formal criminal trial, such as the rules of evidence and the right to a jury trial, belong to the People as well as to the defendant. These rights are simply not available in a probation revocation hearing. Further, the factors which a prosecutor must consider in determining whether and how to proceed in a probation revocation hearing are entirely different than the factors which must be considered in determining whether to prosecute criminal charges.

3 W. LaFave & J. Israel, Criminal Procedure 169–170 (1984) quoting *Chamblin v. Municipal Court*, 130 Cal.App.3d 115, 181 Cal.Rptr. 636 (1982).

Accordingly, we hold that the double jeopardy provisions of the Texas and the United States constitutions are not offended when evidence used in a successful or unsuccessful attempt to revoke "regular" probation or deferred ajudication probation is later used to prosecute the defendant in a different case.

Similarly, we hold that assessment of ten years' confinement after ajudication of guilt does not violate double jeopardy. cf. *Davenport*, supra. The ajudicated offense—unauthorized use of a motor vehicle—is a third degree felony and carries a punishment range of not less than two years nor more than ten years. V.T. C.A. Penal Code, Sec. 31.07 & 12.34. The trial court assessed punishment at ten years' confinement, within the range permitted. The fact that appellant had originally been granted a three year probation under art. 42.12, Sec. 3d does not mean the trial court cannot increase the punishment within the allowable range when he ajudicates guilt. Nor is it necessarily improper to increase the punishment after hearing that the violation of probation was an aggravated robbery. *Walker v. State*, 557 S.W.2d 785 (Tex.Cr.App.1977); *McNew v. State*, 608 S.W.2d 166 (Tex.Cr.App.1980). The ground of error is overruled.

Next, appellant alleges that the trial court erred in refusing to submit appellant's requested instruction concerning the use of a deposition.

Appellant's defense in the instant case was alibi. Prior to the second jury trial, appellant's alibi witness moved to California.[1] The court overruled appellant's motion for continuance to allow appellant additional time to locate the alibi witness, but permitted appellant to introduce her deposition concerning appellant's whereabouts at the time of the robbery.

Appellant requested the court to instruct the jury that testimony presented by the deposition is legally admissible and may be considered the same as testimony by witnesses present in court. The court refused to so instruct the jury.

It is not proper for a court to single out certain testimony and comment on it. To do so constitutes an improper comment on the weight of the evidence. *Hawkins v. State*, 656 S.W.2d 70 (Tex.Cr. App.1983); *Fulcher v. State*, 163 Tex.Cr.R. 177, 289 S.W.2d 588, 591 (1956). Appellant was not entitled to a separate charge on the deposition testimony. The ground of error is overruled.

The judgment of the trial court is affirmed.

TOM G. DAVIS, J., not participating.

---

1. The first trial resulted in a mistrial.