William Ayers **MADDOX**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–84–0750–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 30, 1986.
Rehearing Denied March 6, 1986.

Hayes Horn, Rosenberg, for appellant.

William A. Meitzen, Fort Bend Dist. Atty., Terry Breen, Fort Bend Asst. Dist. Atty., Richmond, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

WARREN, Justice.

A jury found appellant guilty of driving while intoxicated and assessed his punishment at 120 days in jail, probated for two years and an $800 fine.

In eight grounds of error appellant alleges that the trial court erred in overruling his motion to dismiss, refusing his requested jury charges, and overruling his motion to quash the information.

On January 9, 1984, appellant was arrested in Fort Bend County and charged with driving while intoxicated. After the arrest, appellant was given an intoxilyzer test, but no video tape of appellant was made. It is undisputed that on the date of appellant's arrest, Fort Bend County did not have the equipment to videotape a person arrested for driving while intoxicated.

Appellant does not contest the sufficiency of the evidence to support the conviction, but mainly contends that the county's failure to maintain the equipment to videotape his actions after being arrested for driving while intoxicated, as required by law, entitled him to a dismissal or acquittal.

Appellant also alleges that the information was defective and that the court erroneously refused his proffered jury instruction pertaining to intoxication.

■ Appellant's first ground of error alleges that the trial court erred in denying his motion to dismiss. This ground of error does not set out appellant's contentions or authority supporting his contentions, but refers us to a memorandum brief filed in the trial court. We must respectfully decline appellant's request that we review this ground of error, because it does not comply with art. 40.09(9), Tex.Code Crim.P.

Appellant's second and third grounds of error complain of the trial court's refusal to submit the following two requested charges:

(1) The laws of the State of Texas provide that the State shall provide to the Defendant all evidence under its control that is or could be favorable to the Defendant.

You are instructed that the laws of the State of Texas provide that as of January 1, 1984 the Sheriff of all counties of a population of 25,000 or more, Fort Bend County being one such county, shall maintain videotape equipment for the purpose of taping those arrested for driving while intoxicated.

If you find that the Sheriff of Fort Bend County did not have the required equipment then you shall find the Defendant "Not Guilty."  .

(2) The laws of the State of Texas provide that the State shall provide to the Defendant all evidence under its control that is or could be favorable to the Defendant.

You are instructed that the laws of the State of Texas provide that as of January 1, 1984 the Sheriff of all counties of a population of 25,000 or more, Fort Bend County being one such county, shall maintain video tape equipment for the purpose of taping those arrested for driving while intoxicated.

If you find that the Sheriff of Fort Bend County did not have the required equipment, then you shall find that this viola-

tion of the law of the State of Texas denies the Defendant evidence which is or could be favorable to the Defendant so as to create a reasonable doubt as to the Defendant's guilt and you must find the Defendant "Not Guilty."

The law requires, effective January 1, 1984, that counties having a population over 25,000 (which includes Fort Bend County) maintain electronic devices capable of visually recording a person arrested for driving while intoxicated. It further provides that if a county is required to maintain such electronic equipment and a person arrested for driving while intoxicated in that county is not visually recorded, those facts are admissible at the trial of the one arrested. The statute imposes no other sanctions for the county's failure to maintain or use the video equipment.

■ Both of appellant's requested charges would have required the jury, under the undisputed facts, to acquit appellant. As appellant was not entitled to an acquittal under the law because of the county's failure to maintain or use the video equipment, the court did not err in refusing to submit the requested jury instructions. *See Weaver v. State,* 700 S.W.2d 776 (Tex.App.—Fort Worth 1985, writ pending).

Appellant's fourth, fifth, sixth, and seventh grounds of error attack the information and the court's charges pertaining to the information.

The information, in pertinent part, alleged that:

On or about the 9th day of January 1984, ... William Ayers Maddox did then and there while under the influence of intoxicating liquor, drive and operate a motor vehicle in a public place, to wit: a public road and highway, situated within said County and State.

■ Appellant's motion to quash alleged that the information failed to allege an offense against the laws of the State of Texas because operating a motor vehicle while under the influence of intoxicating liquor is not a violation of Texas law.

Appellant's contention is based on the wording of Tex.Rev.Civ.Stat.Ann. art. 6701 *l*–1 sec. (b) (Vernon Supp.1984), effective January 1, 1984, which states, in part: "A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place." Before its amendment, effective on January 1, 1984, the statute stated in part, "any person who drives or operates an automobile ... while such person is intoxicated or under the influence of intoxicating liquor shall be guilty of a misdemeanor...."

■ Appellant contends that under the 1984 amendment to art. 6701*l*–1, sec. (b), driving while under the influence of intoxicating liquor is not the same as driving while intoxicated. We disagree. The same contention was urged in *Sorg v. State*, 688 S.W.2d 133 (Tex.App.—Beaumont 1985, no pet.). That court held that even though the present statute deleted the phrase "or under the influence of intoxicating liquors", that phrase is essentially codified in the definition of "intoxicated" in the new statute. Under the 1984 amendment, "intoxicated" is defined as: (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or (B) having an alcohol concentration of more than 0.10 or more.

We hold that the information, though not in the exact wording of the statute, was sufficient to allege an offense under the present statute.

Appellant next contends that the court erred in denying requested charges (1) and (2) and in charging the jury on (3):

(1) The Defendant, William A. Maddox, stands charged by information with, while under the influence of intoxicating liquor, drive and operate a motor vehicle in a public place, to-wit: a public road and highway, situated in Fort Bend County, Texas, on or about January 9 A.D., 1984. To which the Defendant has pleaded "Not Guilty."

(2) Our law does not provide that a person commits an offense will [sic] driving and operating a motor vehicle in a public place while under the influence of intoxicating liquor and you shall therefore find the Defendant "Not Guilty."

(3) The Defendant, William Ayers Maddox, stand charged by information with the offense of driving a motor vehicle while intoxicated in a public place, it being alleged that said offense was committed in Fort Bend County, State of Texas, on or about the 9th Day of January, A.D., 1984. To which charge the Defendant has pleaded "Not Guilty."

Appellant's argument under these contentions presumes that the information does not state a cause of action.

Appellant's above requested charge (1) sets out that with which appellant was charged more clearly than the introductory language given in (3) above.

However, we are of the opinion that the difference between (1) and (3) was immaterial because both driving while intoxicated and driving while under the influence of intoxicating liquor are offenses under the statute.

The second charge requested above incorrectly instructs the jury that fact matters stated in the first requested charge do not constitute an offense under the law.

■ The charge given by the court, to which appellant objects, informed the jury that appellant was charged with driving a motor vehicle while intoxicated, when literally appellant was charged with driving while under the influence of intoxicating liquor. As we have held that the term "driving while intoxicated" includes the act of "driving while under the influence of intoxicating liquor", we see no harm. There was no testimony showing that appellant was intoxicated by reason of ingesting a substance other than intoxicating liquor; in fact, the application paragraph of the charge limited the finding of intoxication by requiring the jury to find intoxication only by reason of appellant's introduction of alcohol into his body. Appellant received a fair trial, and the evidence was more than sufficient to support the jury's

finding of guilty. Any error by the court in instructing the jury that appellant was charged with driving a motor vehicle while intoxicated, rather than charging that appellant was charged with driving a motor vehicle while under the influence of intoxicating liquors, was harmless beyond a reasonable doubt. *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985), (on rehearing).

■ Appellant's last ground of error contends that the trial court erred in refusing to submit the following charge:

> You are further instructed that "Intoxicated" means (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body; or (B) having an alcohol concentration of 0.10% or more.
>
> "Alcohol concentration" means:
>
> (A) the number of grams of alcohol per 100 milliliters of blood;
>
> (B) the number of grams of alcohol per 210 liters of breath; or
>
> (C) the number of grams of alcohol per 67 milliliters of urine.

Appellant cites no authority in support of his contention, but alleges the requested charge "is well based in evidentiary testimony as well as statutory authority."

Appellant claims that the testimony of the State's toxicologist witness, while testifying in response to a hypothetical question which embraced appellant's uncontroverted testimony, stated that using appellant's Whitmark mathematical calculation formula resulted in a blood alcohol concentration in appellant of .067, well below the arbitrary statutory figure of .10% concentration. Initially, we observe that the hypothetical question relied on by appellant could not have scientifically shown appellant's blood level to be less than .10% concentration. Most of the figures appellant's counsel presented to the witness were not accepted by the witness as scientific facts, but were accepted as true only so that he could answer the question.

Further, the figures used in the hypothetical question were never shown by other evidence to be scientifically correct.

Nevertheless, the jury could have considered the testimony and appellant's counsel's argument and entertained a reasonable doubt that appellant's blood alcohol concentration was less than .10% when the intoxilyzer test was administered.

The court's instruction was identical to that requested by appellant except that it did not include the definitions of alcohol concentration as they pertained to blood or urine. Neither instruction was required. The intoxilyzer measures alcohol concentration by means of a breath test, and the State's witness testified that the intoxilyzer showed appellant to have an alcohol concentration in excess of .10%. The definitions of alcohol concentration pertaining to blood or urine were not material.

Each of appellant's grounds of error is overruled.

Affirmed.

LEVY, J., dissents.

LEVY, Justice, dissenting.

Because I am dissatisfied with the majority's disposition of appellant's second and third grounds of error, I respectfully dissent.

Appellant's argument under these grounds is that Fort Bend County was required by Tex.Rev.Civ.Stat.Ann. art. 6701*l* –1, sec. 24 (Vernon Supp.1986) to have videotape equipment installed by January 1, 1984, for the specific and primary purpose of visually recording a person arrested within the County for driving while intoxicated. This equipment was neither procured nor available on January 9, 1984, when the appellant was arrested. He contends that such unavailability was a Due Process violation under the United States and Texas Constitutions and the Code of Criminal Procedure.

Section 24 provides that:

> (a) Each county with a population of 25,-000 or more according to the most recent federal census shall purchase and main-

tain electronic devices capable of visually recording a person arrested within the county for an offense under article 6701*l* –1, Revised Statutes, or Subdivision (2) Subsection (a), Section 19.05 Penal Code. (b) The sheriff of the county shall determine upon approval of the County Commissioners Court the number of devices necessary to ensure that a peace officer arresting a defendant for an offense listed in Subsection (a) of this section may visually record the defendant's appearance within a reasonable time after the arrest.

(c) The fact that an arresting officer or other person acting on behalf of the state failed to visually record a person arrested for an offense listed in Subsection (a) of this section is admissible at the trial of the offense if the offense occurred in a county required to purchase and maintain electronic devices under this section.

The State concedes that Fort Bend County was required by law to have the video recording equipment on January 1, 1984, but failed to procure the device and make it available (either to those arrested within its jurisdiction or to its law enforcement agencies) until May 8, 1984. The recording equipment was accordingly not installed or available to appellant when he was arrested on January 9, 1984, and no videotape exists of appellant's appearance within the required time shortly following his arrest.

Appellant testified at trial that he was not intoxicated at the time of his arrest, and argued that a videotape, if recorded at such time, would support his testimony.

My overriding concern in cases such as the one before us is the defendant's right to a fair trial. One of the most basic elements of fairness in a criminal trial is that evidence tending to show innocence, as well as that tending to show guilt, be fully aired before the jury; more particularly, it is that the State in its zeal to convict a defendant not withhold, make unavailable, or suppress evidence that might exonerate

him. *See Moore v. Illinois,* 408 U.S. 786, 810, 92 S.Ct. 2562, 2575–76, 33 L.Ed.2d 706 (1972) (Marshall, J., concurring in part, dissenting in part). This notion of fundamental fairness does not pose any irreconcilable conflict for the prosecutor, because the prosecutor must always be faithful to his client's overriding interest that "justice shall be done." No interest of the State is served, and no duty of the prosecutor advanced, by the suppression of evidence favorable to the defendant. The State, on the contrary, fulfills its most basic responsibility when it fully airs all the relevant evidence at its command. The State's failure to disclose evidence of some value to the defense does not always mean the granting of a new trial, however; even a conscientious prosecutor will occasionally fail to appreciate the significance of some items of information, and there is a compelling interest in the finality of judgments.

But the interest in assuring that evidence tending to show innocence is brought to the jury's attention is fundamental. Whether the withholding or suppression was the result of dilatory conduct on the part of the county commissioners, as in this case, or was negligent rather than deliberate, is, from the defendant's perspective, immaterial: the defendant's due process rights are affected in either case.

The prevailing view in the federal courts of the standard of materiality for suppression of evidence cases, involving neither a specific request for information nor other indications of deliberate misconduct, is essentially this: if there is a significant chance that the withheld evidence, developed by skilled counsel, would have induced a reasonable doubt in the minds of enough jurors to avoid a conviction, then the judgment of conviction must be set aside.[1] This standard recognizes that the determination of materiality must be in terms of the impact of an item of evidence on the jury, and that this determination cannot always be made with certainty.

---

1. *See, e.g., United States v. Morell,* 524 F.2d 550, 553 (2d Cir.1975); *Ogden v. Wolff,* 522 F.2d 816, 822 (8th Cir.1975); *Woodcock v. Amaral,* 511 F.2d 985, 991 n. 11 (1st Cir.1974); *United States v. Miller,* 499 F.2d 736, 744 (10th Cir.1974).

The State's failure to comply with State law requiring the acquisition of video recording equipment amounted, in my view, to the withholding of evidence potentially favorable to the defendant, thereby corrupting the truth-seeking function of the trial process. Whether the evidence is directly contradictory to the evidence offered by the prosecution or not, from the defendant's perspective the withholding of evidence potentially favorable to him is destructive to the truth-seeking process. *See Giles v. Maryland,* 386 U.S. 66, 100, 87 S.Ct. 793, 810, 17 L.Ed.2d 737 (1967) (Fortas, J., concurring). The burden on the defendant in establishing his entitlement to a new trial should be no different from the burden he would face if related testimony had been elicited by the prosecution.

Since the State which prosecutes an accused also has the duty to see that justice is done, it is unconscionable to allow it to undertake prosecution and then take advantage of its dilatory conduct to deprive the accused of anything which might be material to his defense.

Being held to a higher standard of conduct, the State must choose: either it must comply with the statute by timely installing and making available the required recording equipment, which may tend to exculpate, or it must dismiss the prosecution.

In its brief, the State blandly replies that "6701*l*–1 does not require law enforcement agencies in any county to videotape DWI suspects, only that in counties with populations of 25,000 or more, videotaping equipment must be made available for law enforcement agencies by January 1, 1984."

Such argument casually ignores the State's compelling responsibility to comply with the law. It is more responsibility than the majority suggests in stating that "... counties ... maintain electronic devices capable of visually recording a person arrested for driving while intoxicated." It *required* Fort Bend County, as one having a population more than 25,000, to timely obtain and make available the equipment necessary to record evidence which might exculpate a person arrested and later prosecuted for violating the law. And the judiciary must be particularly fastidious in *exacting* such compliance when it directly concerns criminal methodology. To accept the State's argument would be to accede to the rapid evisceration of the legal—or perhaps even Due Process—rights of the accused.

I would sustain appellant's third ground of error, reverse the judgment of the trial court, and direct that the trial court dismiss the information.