**Paul Allen FRANKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–86–00111–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 30, 1987.

Don W. King, Jr., San Antonio, for appellant.

Fred G. Rodriguez, Criminal Dist. Atty., Sam Millsap, Jr., Former Criminal Dist. Atty., Denise Martinez, Gale Rotenberg, Charles Estee, San Antonio, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

CHAPA, Justice.

This is an appeal from a conviction for driving while intoxicated. The jury found appellant guilty, and the court assessed punishment at thirty days confinement and a three hundred dollar fine; however, sentence was suspended for a term of twenty-four months probation.

Appellant was initially stopped for speeding in Bexar County by a Department of Public Safety Trooper. Subsequently, appellant was arrested for driving while intoxicated. An inventory search of appellant's automobile revealed several containers of pills. Appellant was charged under an information wherein it was alleged that on June 4, 1985, appellant:

... did then and there drive and operate a motor vehicle in a public place while the said defendant was intoxicated, to-wit: by reason of the introduction of ALCOHOL into the defendant's body ...

During the hearing on appellant's motion to supress, two written prescriptions for the pills were offered by appellant and admitted into evidence. Appellant testified that he had shown the prescriptions to the trooper at the time of arrest. Appellant's motion to supress was overruled.

Prior to trial, the State made an oral motion *in limine* to prohibit the introduction of the written prescriptions. The trial court granted the State's motion based on the State's argument that the prescriptions were hearsay and therefore inadmissible. The motion *in limine* only prohibited the appellant from attempting to introduce the prescriptions into evidence, and nothing prohibited the appellant from asking questions about or referring to the prescriptions. During the trial on the merits, the State introduced evidence that the pills were found in the automobile when appellant was arrested. The appellant testified that he had obtained the pills through valid prescriptions.

■ Appellant's first point of error claims that the trial court erred in not allowing the introduction of the prescriptions. Appellant correctly asserts that since the prescriptions were offered in order to show their existence and not to prove the truth of any matters asserted therein, the admission of the prescriptions would not violate the hearsay rule. Proper foundation for such admission could have been supplied by the appellant. However, regardless of whether the prescriptions were properly characterized as hearsay, any error resulting from their exclusion was rendered harmless by the allowance of appellant's uncontroverted evidence that the pills were obtained through valid prescriptions. Reversal is not required due to wrongfully excluded evidence where the same testimony is later allowed without objection. *Brandley v. State*, 691 S.W.2d 699, 707 (Tex.Crim.App.1985); *Womble v. State*, 618 S.W.2d 59, 62 (Tex.Crim.App. 1981).

The first point of error is overruled.

■ Appellant's second point of error asserts that the trial court erred in failing to grant appellant's requested instruction concerning electronic devises capable of visual recording. Senate Bill 1, Chapter 303, Section 24, 68th Legislature (found as a note to both TEX.REV.CIV.STAT. art. 6701*l* –1 and TEX.PENAL CODE ANN. § 19.05) provides:

(a) Each county with a population of 25,-000 or more ... shall purchase and maintain electronic devises capable of visually recording a person arrested within the county for an offense under article 6701 l–1, Revised Statutes, or Subdivision (2), Subsection (a), Section 19.05, Penal Code.

(b) The sheriff of the county shall determine upon approval by the county commissioners court the number of devices necessary to ensure that a peace officer arresting a defendant for an offense listed in Subsection (a) of this section may visually record the defendant's appearance within a reasonable time after arrest.

(c) The fact that an arresting officer or other person acting on behalf of the state [sic] failed to visually record a person arrested for an offense listed in Subsection (a) of this section is admissible at the trial of the offense if the offense occurred in a county required to purchase

and maintain electronic devices under this section.

The uncontroverted evidence at trial established that at the time of appellant's arrest Bexar County had a population greater than 25,000, videotaping equipment was available, and a videotape of appellant was not made. Evidence also revealed that Bexar County prefers to use only the intoxilizer and does not use the video equipment unless the suspect tests less than 0.10 alcohol concentration. Based upon this evidence and the statute, the appellant requested that the trial court instruct the jury of the requirements of Article 6701*l* –1, note section (a), that Bexar County had a population greater than 25,000 and that the jury may consider, in their deliberations, the failure of the State to record appellant. The trial court denied the request.

The statute only mandates the admissibility of evidence that the State failed to record an accused arrested for driving while intoxicated in a county with a population greater than 25,000. There is no requirement that an instruction to that effect be given. Furthermore, such an instruction would have the effect of emphasizing certain evidence and commenting on it. To have done so would have constituted an improper comment on the weight of the evidence. *Chambers v. State*, 700 S.W.2d 597, 599 (Tex.Crim.App.1985), *Hawkins v. State*, 656 S.W.2d 70, 73 (Tex.Crim.App. 1983). Appellant's second point of error is overruled.

■ Appellant's third point of error claims error in the trial court's failure to respond to appellant's objection to the jury charge. Appellant objected to the use of the word "deemed" in the following portion of the charge:

A person is deemed "intoxicated" within the meaning of the law, when such person does not have the normal use of his physical or mental faculties by reason of the introduction of alcohol into the body or he has an alcohol concentration of 0.10 or more.

Appellant claims that the use of the word "deemed" had the effect of depriving him of the benefit of any reasonable doubt. Appellant's fourth point of error asserts that since the trial court overruled the objection to the charge, the trial court erred in failing to grant appellant's requested jury instruction.

The purpose of the requested instruction was to conform with the mandatory provisions of Section 2.05 of the Texas Penal Code which lessens the danger that a legal presumption will unfairly shift the burden of proof or eliminate a defendant's right to have the facts proven beyond a reasonable doubt. *See Eckman v. State*, 600 S.W.2d 937 (Tex.Crim.App.1980).

Article 6701*l* –1(a)(2) provides that:

(2) "Intoxicated" means:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of these circumstances into the body; or

(B) having an alcohol concentration of 0.10 or more.

TEX.REV.CIV.STAT. art. 6701*l* –1(a)(2) (Supp.1985).

In *Forte v. State*, 707 S.W.2d 89 (Tex. Crim.App.1986), the Court of Criminal Appeals held that Article 6701*l* –1(a)(2)(B) did not create a constitutionally impermissible mandatory presumption. The legislature, "by providing a new definition for one element (intoxication) of the offense of driving while intoxicated, merely invoked its power to define criminal conduct within constitutional limits." [citations omitted]. 707 S.W.2d at 95. Nothing in the statute prevents the defendant from providing evidence on the reliability of the machine, qualifications of the operator, factors present at the time of the test affecting accuracy, and whether the test accurately showed intoxication "at the time of the offense." *Id.* at 94–95.

The question before us is whether the definition of intoxication in the jury charge is a sufficient departure from the wording of the statute to create an improper presumption. We find that the wording of the jury charge did not suggest that the jury

should presume intoxication simply because a chemical test result of 0.10 or more is present in the case. While it would have been preferrable for the trial court to directly tract the wording of the statute, as we recommend, the wording used was a restatement of the statutory definition of intoxication.

Furthermore, since the jury charge did not contain any presumptions, there was no necessity to instruct the jury regarding presumptions. Therefore, appellant's third and fourth points of error are overruled.

The judgment of the trial court recites that the jury rendered a verdict as follows:

A FINE OF $300.00 AND 30 DAYS IN JAIL AND COSTS OF COURT.

This is an obvious clerical error as the verdict of the jury, signed by the presiding juror, recites a finding of "Guilty." The judgment of the trial court is reformed to comply with the written verdict. *Milczanowski v. State*, 645 S.W.2d 445 (Tex.Crim. App.1983). TEX.CODE CRIM.PROC. ANN. art. 44.24(b).

The judgment of the trial court is affirmed as reformed.