The STATE of Texas, Appellant,

v.

Robert Michael FOX, Appellee.

No. 09–87–258 CR.

Court of Appeals of Texas,
Beaumont.

May 3, 1989.

D.C. "Jim" Dozier, Conroe, for the State.

Donald M. Brown, Conroe, for appellee.

## OPINION

BROOKSHIRE, Justice.

An appeal by the State of Texas from the trial court's granting of the Appellee's motion to dismiss a Complaint and Information. Appellee, Robert Michael Fox, was stopped for speeding by an officer whose general duties included traffic control and general law enforcement. This officer was working radar and the Appellee came through the radar at a very high rate of speed.

Officer Swen Spjut stopped Mr. Fox and asked if Fox was involved in an emergency. The answer was: "No." Afterwards, Spjut made a determination and arrested Fox for driving while intoxicated (D.W.I.). The Appellee was transported to a building called Old District 1. At Old District 1, Fox was offered a video tape and asked if he, Fox, would be videotaped. Spjut swore that Fox refused the video tape.

The Appellee was placed on the stand for the limited purpose of a hearing on his Motion to Dismiss Complaint and Information based on the failure of the State to visually record the accused's appearance. Mr. Fox was cross-examined by the State's attorney, a Mr. Beller. Mr. Beller asked Fox:

"Q (By Mr. Beller) Did the trooper offer you a video?"

Fox answered:

"A  Yes, he did."

After Fox's answer was in evidence, the defense attorney objected saying that the question was a shorthand rendition. The defense attorney insisted that the only proper question was:

"Q  What were the words the officer asked you?" That objection was sustained. We conclude that the objection should not have been sustained. We decide that the objection clearly was not good.

The objection of shorthand rendition or shorthand rendition of facts is relevant to the testimony for receiving opinions of the lay witnesses. 2 R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL Sec. 1397 (Texas Practice 3rd ed. 1980). Obviously, the question was put to the witness, Fox, to elicit an answer as to a crucial fact. At this point in the testimony, Fox was not being asked for his opinion. The objection was plainly not appropriate. But, even so, *TEX.R.CRIM.EVID. 701* provides that a lay witness may give testimony in the form of opinions or inferences so long as the same are rationally based, or founded, on the perceptions of the lay witness and are helpful to a clear understanding of the testimony involved or helpful to the determination of a fact in issue.

Regardless of the above colloquy, the major thrust of Fox's contention is that he had previously definitely rejected a breath test and he refused to sign any papers or written instruments, such as a refusal form relevant to the video-taping, unless he had his attorney there to represent him "in reading the test." Fox also had told the officer that he, Fox, did not think he needed a breath test.

Fox further swore that he had owned a bar and had been in the liquor business over 20 years. Fox said:

"A ... [Y]ou hear all this barroom talk all the time."

Fox stated, in substance, that he did not take the video because he wanted his attorney to be there. Then, Fox was given some papers to sign to register his refusal. Fox stated that he was not going to sign anything without his attorney being present.

We conclude, under any reasonable, logical interpretation of the two witnesses' testimony, that, in practicality, the officer requested the Appellee to submit to a videotaping, but the Appellee refused. Appellee filed a motion to dismiss the complaint and information based on the failure of the State to visually record him at the time of the arrest.

■  We think the trial court fell into error. When Appellee was arrested for D.W.I., he had the right to refuse visual recordings when in a county such as Montgomery County. *TEX.REV.CIV.STAT. ANN. art. 6701l–1* (Vernon Supp.1989) provides for the visual recording of D.W.I. suspects. *Article 6701l–1 note, Acts 1983, 68th Leg., p. 1568, ch. 303, sec. 24 (c)* specifically addresses the problem of when a visual recording is not made. This subsection states that the fact that an arresting officer failed to visually record a person, arrested for the offense in question, is admissible evidence at the trial of that same offense provided that the offense (here a D.W.I.) occurred in the county required to purchase and maintain electronic devices. We think that deducible logic would necessarily indicate that the application of this statute results in the conclusion that a trial will be held rather than a dismissal granted.

Clearly, the statutory provisions do not make visual recordings an absolute prerequisite to a D.W.I. prosecution. The statute simply mandates that, if a visual recording is not made, then that fact is admissible at the trial. *See Maddox v. State,* 705 S.W.2d 739 (Tex.App.—Houston [1st Dist.] 1986, pet. granted). The court, in *Maddox, id.,* wrote, at page 741:

"The law requires, effective January 1, 1984, that counties having a population over 25,000 (which includes Fort Bend County) maintain electronic devices capable of visually recording a person arrested for driving while intoxicated. It further provides that if a county is required to maintain such electronic equipment and a person arrested for driving while intoxicated in that county is not visually

recorded, those facts are admissible at the trial of the one arrested. *The statute imposes no other sanctions for the county's failure to maintain or use the video equipment."* (Emphasis added)

Another case in point is *Irion v. State,* 703 S.W.2d 362 (Tex.App.—Austin 1986, no pet.), wherein the court wrote, at page 364:

"The act does not mandate that the absence of the videotape, in and of itself, results in acquittal for insufficiency of the evidence. Rather, the act provides that the failure to make the videotape is admissible at the trial of the offense...."

*See and compare Franks v. State,* 724 S.W.2d 918 (Tex.App.—San Antonio 1987, no pet.).

■ The Fort Worth Court of Appeals, in *Weaver v. State,* 700 S.W.2d 776 (Tex. App.—Fort Worth 1985, pet. ref'd), wrote as follows, at page 778:

".... It is inconceivable to believe the legislature intended that prosecution for driving while intoxicated would be prohibited in counties of 25,000 or more population where no video was provided, but that prosecution would be permitted in counties with fewer than 25,000 population. Such a statute undoubtedly would be found to be unconstitutional as being discriminatory in its application. We hold that defendant was not denied due process of law for the failure of the State to provide a videotape of him during the arrest procedure. Grounds of error one and two are overruled."

We, therefore, decide that the granting of the dismissal was error. Likewise, we think that the trial court had no authority to grant the Appellee's motion to dismiss. *TEX. CODE CRIM.PROC.ANN. art. 32.02* (Vernon 1966) provides that the State's attorney is the proper party authorized to move for a dismissal.

We reason that a defendant's motion for dismissal, such as the one before us, is especially ill-founded and ill-advised when it necessarily involves a crucial issue of fact. The failure or inadvertence to make a video tape or to record a suspect visually in a

D.W.I. matter is certainly a fact issue under this record as well as under *Article 6701l–1 note, Acts 1983, 68th Leg., p. 1568, ch. 303, Sec. 24(c).*

Interesting and revealing is the fact that the accused absolutely insisted upon having his lawyer present before and at the time of the proffered breathalyzer test. We think this contention was squarely and freshly settled in *Forte v. State,* 759 S.W.2d 128 (Tex.Crim.App.1988). The court wrote, at page 129:

"In summary, the sole issue presented in this case is whether a person arrested for driving while intoxicated, prior to deciding whether to submit to a chemical sobriety test, in particular the breathalyzer, has a constitutional right to counsel under Art. 1, Sec. 10, of the Texas Constitution. Submission to a breath test is required pursuant to the Texas Implied Consent Statute, Article 6701L–5, Sec. 1, V.A.C.S."

"... Be that as it may, the only issue that we will resolve is the appellant's right to counsel under Art. I, Sec. 10, *Tex. Const."*

The opinion in *Forte, id.,* reviews a number of opinions of the United States Supreme Court, as well as opinions from the high courts of sister states. After reviewing and analyzing a number of opinions on the point, the court held, at pages 137 and 138:

"It is not the point of arrest which triggers the Art. I, Sec. 10, right to counsel but rather whether an individual is confronted with the amassed power of the State in such a manner that it is deemed necessary that counsel's presence is required to 'preserve the basic right to a fair trial as affected by his right to meaningfully cross-examine the witnesses against him and to have effective assistance of counsel at the trial itself.' "

The court concluded, at page 138:

"While under the applicable provisions of the Texas Implied Consent Statute, an accused can physically refuse to take the breathalyzer, we do not believe in doing so one has the power to revoke the im-

plied legal consent conferred by the statute."

The court summed up, at page 139:

"Thus, in Texas by operating a motor vehicle upon the public highway consent is legally implied. It would defy both logic and common sense to assume that the Legislature of this State would imply consent, then authorize a driver to revoke that implied consent, and ultimately suspend the driver's license for exercising the right of refusal. In actuality, since the suspect has no legal choice whether to take the breathalyzer, counsel would then not be protecting any known right or safeguard by advising a suspect to refuse the test. Counsel's advice as to whether to consent to the breathalyzer under the circumstances of his client's case is a matter of strategic maneuvering, and the taking of calculated risks in the hope of lessening the chances of conviction or the dismissing of criminal charges, and does not come within the penumbra of Art. I, Sec. 10, to mandate the invocation of the right to counsel. Since an accused has no legal right to withdraw his implicit consent to take the breath test (as distinguished from physically refusing to take the test) 'counsel's absence [or lack of consultation] ... [does not] derogate from the accused's right to a fair trial.' *United States v. Wade, supra,* 388 U.S. [218] at 226, 87 S.Ct. [1926] at 1932 [18 L.Ed.2d 1149 (1967)]. Therefore, the time at which an accused is faced with the decision of whether to submit to a breath test is not a 'critical stage' of the criminal process which necessitates either the prior consultation with or presence of counsel under the right to counsel provisions of Art. I, sec. 10 of the Texas Constitution. Accordingly, we hold, as we did when we considered the matter under the Sixth Amendment, the '[a]ppellant's right to counsel did not attach until the time the complaint was filed.' *Forte v. State,* 707 S.W.2d 89 (Tex.Cr.App. 1986).

"Accordingly, the judgment of the court of appeals is affirmed."

■ Reasoning further, by close analogy, we would think that the *Forte* case, *supra,* also applies to the videotaping of the detainee of a D.W.I. matter when he arrived at the place provided by Montgomery County for videotaping. We sanguinely conclude that the videotaping—without any audio, without any questions asked—is certainly less of an invasion of privacy and less onerous than a breathalyzer test.

The concurring opinion references *TEX. CODE CRIM.PROC.ANN. art. 27.02* (Vernon Supp.1989). The concurrence does not refer to any section or part of *article 27.02.* But the accused prays that the complaint and information be dismissed in his motion signed October 21, 1987. It seems clear, under the record, that the accused's position below is not to set aside or level an exception to the information. At the hearing on his motion, the basic thrust of the accused was that he was denied visual recording when he was apprehended and taken to the videotaping facility. The accused admitted that he was asked to take a breathalyzer test. The accused was asked by his own attorney, on direct examination:

"Q. Did you actually say out loud that you would have to have a lawyer to take that test?

"A. I told him that that would be the circumstances I would take the test under."

The accused took the same position as to the video tape. Nor did the accused sign any paper reflecting his refusal without his attorney to advise him. Hence, he never signed any papers refusing any of the videos or the breath test. Hence, we do not see how *TEX.CODE CRIM.PROC.ANN. art. 27.02* (Vernon Supp.1989) is relevant. *Forte v. State,* 759 S.W.2d 128 (Tex.Crim. App.1988).

The trial court's order granting the Appellee's motion for dismissal is hereby reversed and the cause of action is hereby remanded to the trial court for a trial on the merits.

REVERSED AND REMANDED.

BURGESS, Justice, concurring.

I concur in the reversal, but do not join in the majority's additional conclusion that the trial court had no authority to grant appellee's motion to dismiss. The majority cites *Tex.Code Crim.Proc.Ann. art. 32.02* (Vernon 1966) as authority for their holding. This article only provides authority for the state to dismiss a criminal action, it does not diminish the court's authority to dismiss or set aside an information when a motion is filed by the defendant under *Tex. Code Crim.Proc.Ann. art. 27.02* (Vernon Supp.1989). Perhaps the state is taking issue with the title of the defendant's pleading. Whether entitled a motion to dismiss or set aside, it may still be acted upon by the court. Furthermore, *Tex.Code Crim.Proc.Ann. art. 44.01* (Vernon Supp. 1989) gives the state the right to appeal an order of the court if the order dismisses an information, so the genesis of the order is really beside the point.

I also do not join the majority in the dictum regarding the *Forte v. State*, 759 S.W.2d 128 (Tex.Crim.App.1988) analysis and analogy. While the majority may find a fact interesting and revealing, if that matter is not relevant to the points of error, then it is, in my opinion, dictum. The seminal issue in this case is whether the trial court could dismiss the D.W.I. prosecution based upon the state's failure to videotape the defendant. The majority resolved that issue correctly and firmly by following three courts of appeals and the express language of the statute. Nothing more was required. Since the majority goes further, I concur in the result only.