IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-181-CR




IRVIN OSCAR OFFERLE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0923234, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING


 




PER CURIAM

 A jury found appellant guilty of indecency with a child. Tex. Penal Code Ann. §
21.11 (West 1989). The district court assessed punishment at imprisonment for eighteen years.

 The complainant, who was eight years old at the time of trial, testified that
appellant, who lived in the same apartment complex, played a game with him and his friends
called "Tickle Me." In this game, "Oscar would tickle us, and he'd put his hand up our pants and
underwear and tickle our privates." The complainant indicated that he was referring to the penis
when he used the word "privates." The game was usually played on the couch in appellant's
apartment. "[W]ith one hand he'd tickle us like on our stomach or our legs or our arms, and with
the other hand he'd tickle us on our privates." Appellant continued to "tickle" the complainant's
penis even after the boy told him that it did not tickle.

 Linda Mabius, an employee of the child abuse unit of the Austin police department,
was the "outcry" witness. Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 1994). Mabius
testified that during her conversations with the complainant, the boy told her that 

Oscar had started tickling him on his thigh, and that his hand then somehow got
under the shorts -- inside the shorts and inside the underwear going through the leg
of the shorts, and that he touched on the penis with his hand.


 . . .


 I asked him if he held his hand -- if Oscar had held his hand still or moved
it around. He said that he moved it around when he had it on his penis. I asked
him what type of touching it was. I believe the way I asked him was if he would
touch it like this with his finger or just grab at it, and he said that he grabbed it. 
And then I asked him if he had said anything to him, and he said, "No, he just
laughed." 



The complainant told Mabius that this happened two or three times.

 Appellant challenges the legal and factual sufficiency of the evidence in two points
of error. In particular, appellant contends the State failed to prove that he acted with the intent
to arouse or gratify his sexual desire. Tex. Penal Code Ann. § 21.01(2) (West 1989).

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Appellant
argues that his conduct was not of such an intrinsically deviant nature as to justify the inference
that he acted with the requisite intent. Appellant asserts that even if the evidence supports an
inference that he intended to arose or gratify his sexual desire, it also supports the inference that
he was merely playing. According to appellant, this means that the jury "resolved reasonable but
conflicting inferences in favor of a guilty verdict, a method of determining guilt or innocence
fundamentally at odds with the principles underlying the reasonable doubt standard."

 The specific intent to arouse or gratify sexual desire can be inferred from the
defendant's conduct, his remarks, and from all the surrounding circumstances. McKenzie v. State,
617 S.W.2d 211, 216 (Tex. Crim. App. 1981). It was for the jury, as trier of fact, to determine
the inferences to be drawn from the evidence in this cause. Tex. Code Crim. Proc. Ann. art.
38.04 (West 1979). In essence, appellant is asking us to review the jury's verdict by applying the
"alternative reasonable hypothesis construct" disapproved by the Court of Criminal Appeals in
Geesa. 820 S.W.2d at 161. Even before its use was abandoned, the construct did not apply when
testing the sufficiency of the circumstantial evidence relied on to prove the defendant's intent. 
Moone v. State, 802 S.W.2d 101, 104 (Tex. App.--Austin 1990, pet. ref'd). From the evidence
in this cause, viewed in the light most favorable to the verdict, a rational trier of fact could find
beyond a reasonable doubt that appellant acted with the intent to arouse or gratify his sexual
desire. Point of error one is overruled.

 We will set aside a verdict for factual insufficiency only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Stone v. State, 823
S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed). When conducting a
factual sufficiency review, we do not view the evidence in the light most favorable to the verdict. 
Instead, we consider all the evidence equally, including the testimony of defense witnesses and
the existence of alternative hypotheses. Orona v. State, 836 S.W.2d 319 (Tex. App.--Austin 1992,
no pet.). In this cause, the defense closed without calling witnesses, and appellant's factual
sufficiency challenge is premised solely on his assertion that the evidence supports an alternative
innocent hypothesis regarding his intent.

 The existence of an alternative hypothesis other than guilt does not compel the
conclusion that the evidence is factually insufficient. Id. at 322 n.2. The jury's conclusion
beyond a reasonable doubt that appellant acted with the intent to arouse or gratify his sexual desire
is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong
and unjust. Point of error two is overruled.

 Appellant's third point of error multifariously asserts that Mabius's outcry
testimony was irrelevant, unfairly prejudicial, and constituted improper bolstering of the
complainant's unimpeached testimony. "Relevant evidence" means evidence having any tendency
to make the existence of any fact that is of consequence to the determination of the action more
or less probable than it would be without the evidence. Tex. R. Crim. Evid. 401. Appellant
argues that Mabius's testimony was offered only to confirm the trustworthiness of the
complainant's testimony, and was therefore irrelevant because the complainant's testimony was
unimpeached. We find this argument unpersuasive. Article 38.072 contains several conditions
precedent to the admissibility of outcry testimony, but nothing in the statute requires that the child
complainant be impeached before an outcry statement can be admitted in evidence. To the
contrary, the statute contemplates testimony from both the child and the outcry witness regardless
of whether the complainant is impeached. Article 38.072, § 2(b)(3); Cantu v. State, 830 S.W.2d
166, 170-71 (Tex. App.--Dallas 1992, no pet.). Appellant cites no authority requiring
impeachment of the complainant as a prerequisite to admission of outcry testimony under article
38.072, nor does he offer support for his suggestion that evidence is irrelevant if it is merely
corroborative of other evidence. The district court did not err by overruling appellant's objection
to the relevance of Mabius's testimony. 

 Appellant also relies on Rule 403 of the Texas Rules of Criminal Evidence, which
provides that evidence is inadmissible if its probative value is substantially outweighed by the
danger of unfair prejudice. "Unfair prejudice" refers to an undue tendency to suggest decision
on an improper basis, commonly but not necessarily an emotional one. Cohn v. State, 849
S.W.2d 817, 820 (Tex. Crim. App. 1993). Evidence that corroborates the testimony of the
complaining witness is not unfairly prejudicial for that reason. Id. We conclude that Mabius's
testimony did not introduce the risk of decision on an improper basis, and that the district court
did not err by overruling appellant's Rule 403 objection. (1)

 Finally, if "bolstering" remains a proper basis for objection under the Rules of
Criminal Evidence, it does so only by reference to Rule 608(a), which provides that opinion or
reputation evidence as to a witness's character for truthfulness is admissible only after that
character has been attacked, and Rule 612(c), which prohibits introduction of a witness's prior
consistent statements except to rebut a charge of recent fabrication or improper influence or
motive. Cohn, 849 S.W.2d at 820. In his brief, appellant does not argue that Mabius's testimony
was inadmissible under either of these rules. Thus, appellant fails to demonstrate that the district
court erred by overruling his bolstering objection. Point of error three is overruled.

 In his last point of error, appellant contends the district court erred by overruling
his motion to dismiss on double jeopardy grounds. (2) By this motion, appellant asserted that he was
placed in jeopardy when the offense underlying this prosecution was alleged in motions to revoke
probation in two other cases. It has been held, however, that the double jeopardy provisions of
the Texas and United States constitutions are not offended when evidence used in a probation
revocation proceeding is later used to prosecute the defendant in a different case. Chambers v.
State, 700 S.W.2d 597, 599 (Tex. Crim. App. 1985). Appellant acknowledges the holding in
Chambers, but states that he "challenges its analysis." As an intermediate court, we are bound
by Chambers. Appellant must challenge the reasoning of that opinion in the Court of Criminal
Appeals. Even if we were to reach the merits of appellant's double jeopardy claim, we would find
it to be without factual support because there is no evidence that the offense for which appellant
was convicted in this cause was the offense alleged in the motion to revoke. (3) Point of error four
is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: April 20, 1994

Do Not Publish

1.   Appellant also argues that Mabius's testimony should not have been admitted because
its probative value was substantially outweighed by its needlessly cumulative nature. Tex.
R. Crim. Evid. 403. Appellant did not object to the testimony on this ground, however, and
this contention was not preserved for review. Tex. R. Crim. Evid. 103(a)(1); Tex. R. App.
P. 52(a).
2.   Appellant's motion to dismiss was not verified as required for special pleas of former
jeopardy. Tex. Code Crim. Proc. Ann. art. 27.06 (West 1989). Further, appellant did not
request that his jeopardy claim be determined by the jury. See Apolinar v. State, 820 S.W.2d
792 (Tex. Crim. App. 1991). Appellant also raised his jeopardy claim in a pretrial habeas corpus
application, but did not appeal the district court's denial of relief. See Ex parte Robinson, 641
S.W.2d 552 (Tex. Crim. App. 1982).
3.   In one motion to revoke probation, a different complaining witness was named. In the
other, the offense was alleged to have taken place on a different date. In overruling the
motion to dismiss, the district court stated, "I heard no evidence whatsoever [at the probation
revocation hearing] in connection with the subsequent offense."