NO. 07-10-00285-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



APRIL
27, 2011

 



 

MITCHELL RYAN COE, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE COUNTY CRIMINAL COURT NO.
9 OF TARRANT COUNTY;

 

NO. 1170447; HONORABLE BRENT A. CARR, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

MEMORANDUM OPINION

Appellant, Mitchell Ryan Coe, was
convicted of the misdemeanor offense of driving while intoxicated (DWI).[1]  Appellant was sentenced to 15 days in the
Tarrant County Jail and fined $300. 
Appellant appeals the judgment of conviction alleging the trial court
committed reversible error in admitting statements appellant made while in
police custody.  We affirm.

 

Factual and Procedural Background

Appellant does not contest the
sufficiency of the evidence to sustain his conviction, therefore, only such
factual background as is necessary for the proper disposition of this matter
will be recited.  

On August 26, 2009, appellant was
arrested for suspicion of DWI.  After
concluding that there was probable cause to arrest appellant, Officer Negrete of the Azle Police
Department took appellant into custody and transported him to the city
jail.  While at the city jail, appellant
was requested to perform several field sobriety tests and was asked to give a
specimen of his breath for examination purposes.  Appellant declined to give a specimen of
breath and, subsequently, Negrete read the DIC-24
form to appellant, as required by statute. 
See Tex. Transp. Code Ann. § 724.011 (West
1999).   After
reading the DIC-24 statutory warnings to appellant, Officer Negrete
advised appellant of his rights pursuant to Miranda.[2]  After appellant’s Miranda rights were
read to him, he was asked if he minded answering some questions, to which
appellant replied, “Uh yes. I don’t mind.” 
His responses were electronically recorded and the recording was played
for the jury.  Appellant objected to the
jury hearing the statements and the trial court overruled the objection.

Appellant now contends that allowing
the jury to hear his responses that followed his Miranda warnings was
reversible error because he did not effectively waive his right to remain
silent.  We disagree and affirm.

Standard of Review

Our review of the record leads to the
conclusion that appellant’s objection to the jury hearing his responses should
be treated as a motion to suppress the audio portion of the recording.  Accordingly, we will apply the standard of
review for the denial of a motion to suppress to the facts of this case.

We apply a bifurcated standard of
review to the trial court’s ruling on a motion to suppress.  See Valtierra
v. State, 310 S.W.3d 442, 447 (Tex.Crim.App.
2010).  We must give almost total
deference to the trial court’s determination of historical facts.  See id.  The trial judge is the sole trier of fact and judge of the credibility of any witness’s
testimony and the weight to be assigned to that testimony.  See id.  When we review an application-of-law-to-fact
question not turning on the credibility and demeanor of the witness, we review
the trial court’s ruling de novo.  See Wiede
v. State, 214 S.W.3d.17, 25 (Tex.Crim.App.
2007).  When the record is silent as to
the reasons for the trial judge’s ruling, or when there are no explicit fact
findings and neither party timely requested findings and conclusions, we imply
the necessary findings that would support the trial court’s ruling if evidence,
when viewed in the light most favorable to the trial court’s ruling, supports
those findings.  See State v.
Garcia-Cantu, 253 S.W.3d 236, 241 (Tex.Crim.App.
2008)  We will sustain the trial court’s
ruling if that ruling is reasonably supported by the record and is correct on
any theory of law applicable to the case. 
Valtierra, 310 S.W.3d
at 447.

 

 

Analysis

Appellant’s position may be summed up
by saying that nothing short of an affirmative statement from a person in
custody that he waives his right to remain silent will suffice to support the
submission of his custodial statement to a jury.  However, such is not the law in Texas.

Before any oral statement that
results from custodial interrogation may be used against a defendant, the
defendant must be warned of his rights.  See
Tex. Code Crim. Proc.
Ann. art. 38.22, § 3(a)(2) (West 2005),[3]
Miranda, 384 U.S. at 467-68.  The
waiver of the rights granted a defendant must be made knowingly, intelligently,
and voluntarily.  art.
38.22, § 3(a)(2). 
In ascertaining the voluntariness of an oral statement, the court looks
to the totality of the circumstances surrounding the statement.  See Smith v. State, No. AP-75,793, 2010 Tex. Crim. App. Unpub.
LEXIS 582, at *12 (Tex.Crim.App.
Sep. 29, 2010) (citing Barefield v. State,
784 S.W.2d 38, 40-41 (Tex.Crim.App. 1989)).  A waiver of rights may be inferred from the
actions and words of the defendant.  Id. at *11. 
Finally, the court does not require an “express verbal statement from an
accused that he waives his rights prior to giving the statement.”  Barefield, 784 S.W.2d at 40-41.  

When we apply the guidance mentioned
above to the record before us, we find that the officer properly warned
appellant regarding his rights and that appellant understood those rights,
including the right to remain silent. 
Further, the officer inquired as to whether appellant wanted to answer a
few questions.  To this inquiry,
appellant answered, “Uh yes. I don’t mind.” 
The officer then proceeded to ask the questions at issue and appellant
answered the questions without any objection. 
The questions asked went to the heart of the issues to be resolved in a
DWI prosecution.  Specifically, appellant
admitted to operating a motor vehicle at the time in question and that he had
been drinking alcohol, although he denied being under the influence of alcohol
at the time of his arrest.  Appellant
never requested to stop the interview nor to be
allowed to contact an attorney, although the record clearly demonstrates he was
made aware of these rights.  Therefore,
under the facts and circumstances of this case, we find that the trial court’s
decision to overrule appellant’s objection to the use of the recorded statement
is supported by the record.  See Valtierra, 310 S.W.3d at 447.  Appellant’s issue is overruled.

Conclusion

Having overruled appellant’s sole
issue, the judgment of the trial court is affirmed.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 

Do
not publish.  

 











[1] See Tex.
Penal Code Ann. § 49.04(a)
(West 2003).

 





[2] See Miranda v. Arizona, 384 U.S. 436,
467-68, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966).





[3] Further reference to the Texas Code of Criminal
Procedure shall be by reference to “art. _____.”








none'>. art. 42.12, § 11(a)(1). 

Conclusion

            We overrule
appellant’s points of error and affirm the judgment of the trial court.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 

Do
not publish.  











[1]
See
Tex. Health & Safety Code Ann.
§ 481.124 (West 2010).

 





[2]
Evading arrest or detention is an offense
against the laws of the state.  See
Tex. Penal Code Ann. § 38.04 (West Supp. 2010).





[3] To the extent that appellant’s contentions were
designed to raise a venue-like argument, we reject his contentions.  Ordinarily, the State bears the burden to
prove, by a preponderance of the evidence, that venue is proper in the county
in which the case is tried. Tex. Code Crim. Proc. Ann. art.
13.17 (West 2005). 
An adjudication proceeding does not fall within this general rule.  See Chambers v. State, 700
S.W.2d 597, 598-99 (Tex.Crim.App. 1985), overruled
sub silentio on other grounds by Ex parte
Tarver, 725 S.W.2d 195, 197 (Tex.Crim.App. 1986)
(observing that “[r]evocation proceedings for deferred adjudication probation
and ‘regular’ probation are essentially administrative proceedings and do not
involve the same panoply of rights and considerations applicable to a formal
criminal trial”).  Here, only the court
in which appellant was tried on the original charge may revoke the community
supervision unless jurisdiction over the case has been transferred to another court.  See Tex.
Code Crim. Proc. Ann. art.
42.12, § 10(a). 
Again, the State was required to show that appellant committed an
offense against the laws of the state, here, evading arrest or detention.  The commission of this offense does not
require that the action take place in Hutchinson County.  Venue is not a “criminative fact” and, thus,
not an essential element of the offense. 
Boyle v. State, 820 S.W.2d 122, 140 (Tex.Crim.App.
1989); Thierry v. State, 288 S.W.3d 80, 90 (Tex.App.—Houston
[1st Dist.] 2009, pet. ref’d).  So, the location of the offense here is not
relevant in terms of venue nor in terms of elements of
the offense.  However, even assuming, arguendo, that
the State had to prove that appellant knew or should have known, in Hutchinson
County, that McWilliams was a peace officer attempting to lawfully arrest or
detain him, our review of the record, as outlined, infra, reveals that it did so prove.