**Arthur Scott MASSIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–87–00427–CR.**

Court of Appeals of Texas,
Dallas.

Jan. 5, 1988.

Joseph E. Ackels, J. Thomas Sullivan, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before WHITHAM, McCLUNG and STEWART, JJ.

McCLUNG, Justice.

Arthur Scott Massie appeals his conviction for driving while intoxicated. Punishment was assessed by the jury at 90 days confinement and a $500 fine. Appellant's first three points of error challenge the constitutionality and construction of the Texas DWI statute. Appellant next asserts improper admission of evidence in violation of his *Miranda* rights and right to silence. Finally, appellant complains that the court failed to instruct the jury that refusal to take a breathalyzer test was not an admission of guilt. Because we find no merit in appellant's arguments, we affirm the trial court's judgment.

The State charged appellant with the offense of driving while intoxicated. The information alleged, in pertinent part, that on August 1, 1985, appellant "... did then and there drive and operate a motor vehicle in a public place in Dallas County, Texas, to-wit: a street and highway, while intoxicated, in that the defendant did not have the normal use of *his* mental and physical faculties by reason of the introduction of

alcohol into defendant's body...." (emphasis added).

At trial a police officer who was involved in the arrest testified that she determined appellant was intoxicated based on appellant's loss of normal use of his faculties and based on appellant's bloodshot eyes, slurred speech, and breath which smelled of alcohol. On cross-examination the officer said she was not aware of appellant's normal use of his mental and physical faculties including his speech patterns and physical appearance.

The officer at the videotaping room at the jail where appellant was taken immediately after the arrest also testified at trial. He testified that he had never met appellant before, but it was his opinion that appellant was intoxicated because appellant did not answer his questions, did not act like other suspects in the room, swayed as he walked, smelled of alcohol, and had blood shot eyes. No evidence of *appellant's* normal physical or mental faculties appears in the record.

In his first point of error appellant complains that article 6701*l*–1(a)(2)(A) of Texas Annotated Civil Statutes which defines intoxication is unconstitutionally vague and overbroad because it fails to precisely define the standard of "normal use of mental or physical faculties." He asserts the statute fails to state whether a person is intoxicated when his use of his faculties falls below the level of ability of the common man, or below the level of ability that is normal for him. This court held in *Watkins v. State*, 741 S.W.2d 546 (Tex.App.—Dallas, 1987, pet. filed) that 6701*l*–1(a)(2)(A) was not unconstitutionally vague and overbroad for failure to define this standard; thus we overrule appellant's first point of error.

■ In his second point of error appellant contends the evidence was insufficient because there is no evidence of appellant's normal use of his faculties and thus no proof that he lost his normal use of them as alleged in the information. We do not construe an allegation that appellant did not have normal use of his mental and physical faculties the same as an allegation

that appellant did not have *his* normal use of his faculties. The former allegation does not require proof of the defendant's normal abilities. Rather, it means that the faculties which must be tested belong to appellant. If there was evidence that appellant could not use his faculties on the occasion in question, in the manner in which the normal non-intoxicated person would be able to use his faculties, the evidence is sufficient to convict him unless the jury finds that his inability to perform on that occasion is not due to intoxicants (e.g. diabetes; epilepsy).

■ To sustain this conviction for driving a motor vehicle while intoxicated, the evidence must show that appellant drove the vehicle, that he drove while he was intoxicated, and that he drove in a public place. *Johnson v. State*, 517 S.W.2d 536, 538 (Tex.Crim.App.1975). In the instant case the arresting officer testified, based on police training and experience that appellant was intoxicated. She based her opinion on appellant's general appearance and the way he talked, smelled, and behaved in response to field sobriety tests. The video room officer, likewise, formed an opinion based upon the way appellant swayed as he walked, smelled, and appeared and behaved. We hold, after viewing the evidence in the light most favorable to the verdict, that any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. We overrule point of error two.

In his third point of error appellant claims that the information improperly refers to the loss of normal use of "his" physical or mental faculties, since such a charge lowers the State's burden of proof. As stated above, such information does not change the states's burden of proof, and is not fundamentally defective. *Watkins v. State*, 741 S.W.2d 546 (Tex.App.—Dallas, pet. filed).

Appellant next complains that the trial court abused its discretion by admitting evidence that the police obtained by questioning appellant prior to giving him *Miranda* warnings. When the police officer first stopped appellant, he asked appellant

where he was going and appellant replied that he was going home. When asked where home was, appellant replied that he lived on McKinney Avenue. This evidence was introduced at trial, along with testimony that appellant's car was headed the opposite direction from McKinney Avenue, to show appellant was intoxicated.

■ Questioning which is normally attendant to arrest and custody is not interrogation which entitles a defendant to protection under the fifth amendment. *McCambridge v. State*, 712 S.W.2d 499, 505 (Tex.Crim.App.1986) (en banc). The term "interrogation", under *Miranda*, refers to words, actions or questioning on the part of the police that the police should know are reasonably likely to elicit an incriminating response. *Rhode Island v. Innis*, 446 U.S. 291 at 301, 100 S.Ct. 1682 at 1689, 64 L.Ed.2d 297 (1980). Asking a person his name, address and telephone number is not interrogation protected by the fifth amendment. *Sims v. State*, 735 S.W.2d 913 (Tex.App.—Dallas, 1987, pet. filed) (not yet reported). We hold that the officer's question in this case was a question normally incident to arrest and not likely to elicit an incriminating response; therefore, we overrule appellant's fourth point of error.

■ Appellant next complains of admission of the following evidence of his exercise of his right to silence when asked his name in the videotaping room:

Q. Now, when Officer Wolfe asked you your name in the video room, is there any reason why you wouldn't give him your name?

MR. ACKELS: Objection, I think my client has a constitutional right not to speak in that room. Any question regarding his not speaking is a comment on the evidence.

THE COURT: Overruled.

A. (By the Witness) My basic feeling was total depression, and at that time I really didn't want to talk to anybody. I just wanted to get out of my problems, get home.

. . . .

Q. Then why did you not give Officer Wolfe your name?

MR. ACKELS: Objection, Your Honor, I don't think my client has to testify why he invoked his constitutional right.

THE COURT: Overruled.

A. (By the Witness) At that time, going into the room, I had been mistreated, or at least I thought, and there is really nobody you can object to at Lew Sterrett.

The complained of testimony, that appellant refused to give officer Wolfe his name, is not incriminating. As explained above, it came in response to questions not reasonably likely to elicit an incriminating response. Hence, we overrule appellant's fifth and sixth points of error.

■ Appellant next complains of the trial court's failure to submit appellant's requested instructions on his right to silence and to the effect that refusal to take a breath test does not equal an admission of guilt, but is merely evidence. Generally, no error occurs when the charge tracks the language of the applicable statute, and a case will not be reversed if the charge taken as a whole, accurately reflects the legal issues. *Garcia v. State*, 630 S.W.2d 914, 917 (Tex.App.—Amarillo 1982, no pet.); *United States v. Garza*, 754 F.2d 1202 (5th Cir.1985).

Concerning appellant's requested instruction on his right to silence we hold the trial court did not err in failing to give the requested instruction, and furthermore, such an instruction may have amounted to a comment on the weight of the evidence in that it singled out appellant's refusal to speak and commented upon it. *See Mills v. State*, 625 S.W.2d 47 (Tex.App.—San Antonio 1981, no pet.). Further, we hold no harm has resulted from failure to submit the requested instruction because, as stated in regard to points of error five and six, the complained of testimony was not incriminating.

■ With regard to the court's failure to submit an instruction that refusal to take a breath test is not an admission of guilt, we hold that such refusal was not error. Article 6701*l*–1 allows admission of

appellant's refusal to take a breath test as evidence of guilt. It does not require that an instruction be given that the evidence is only evidence, and should not therefore be considered as an admission of guilt. *Compare Franks v. State*, 724 S.W.2d 918 (Tex. App.—San Antonio 1987, no writ). Such an instruction would have the effect of emphasizing appellant's refusal to take the breath test and commenting on it, and would therefore constitute an improper comment on the weight of the evidence. *Chambers v. State*, 700 S.W.2d 597, 599 (Tex.Crim. App.1985). For the above stated reasons, we overrule appellant's last two points of error, and we affirm.