IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-277-CR




ALEJANDRO SAUCEDO, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY



NO. 35244, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of driving while intoxicated, first offense. Tex. Rev.
Civ. Stat. Ann. art. 6701l-1 (West Supp. 1993). The county court at law assessed punishment
at incarceration for two years and a $1000 fine, probated.

 On the night of August 27, 1991, appellant was stopped by Department of Public
Safety troopers Brian Freeman and Jeffrey Sones for traffic offenses the troopers observed while
watching appellant drive his motorcycle on IH 35. Appellant displayed the usual physical
symptoms of intoxication: unsteadiness, bloodshot eyes, odor of alcoholic beverage. Appellant
also failed to satisfactorily perform several field sobriety tests. Each officer testified that, in his
opinion, appellant was intoxicated. The encounter between appellant and the troopers on IH 35
was videotaped in its entirety by a camera in the officers' patrol car, and this videotape was
viewed by the jury.

 Appellant's first point of error is that the evidence does not support the jury's
finding that he did not have the normal use of his physical or mental faculties. The information
alleged that appellant drove "while not having the normal use of mental or physical faculties by
reason of the introduction of alcohol." The court instructed the jury that a person is deemed
intoxicated when he "does not have the normal use of his physical or mental faculties by reason
of the introduction of alcohol." Appellant argues that under the court's charge, the State was
required to prove that he did not have his normal use of his mental and physical faculties. 
Because there is no evidence as to what is normal for appellant, he concludes that the State did
not meet its burden of proof. This contention is without merit.

 The definition of "intoxicated" found in article 6701l-1(a)(2)(A) and employed in
the information has been utilized in the courts of this State since at least 1927. See Lockhart v.
State, 1 S.W.2d 894 (Tex. Crim. App. 1927). Under this definition, the trier of fact determines
whether the defendant's mental or physical faculties have been impaired by comparing the
evidence of his behavior with the behavior of a normal, sober person. The only significance of
the court's use of the possessive pronoun "his" in the charge was to make clear that the State had
to prove that it was appellant's mental and physical faculties, and not those of some other person,
that were impaired. Massie v. State, 744 S.W.2d 314, 316 (Tex. App.--Dallas 1988, pet. ref'd). 
Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could find
each element of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307
(1979); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Point of error one is
overruled.

 In his second point of error, appellant contends that the audio portion of the
videotape should have been suppressed at the point where Sones asked appellant how much he had
had to drink. Appellant replied, "Seven beers." Appellant argues that the question constituted
custodial interrogation and that his answer was inadmissible because he had not been advised of
his rights. Tex. Code Crim. Proc. Ann. art. 38.22, § 3 (West Supp. 1993); Miranda v. Arizona,
384 U.S. 436 (1966); see Jones v. State, 795 S.W.2d 171 (Tex. Crim. App. 1990). 

 Appellant's motion to suppress this portion of the videotape was overruled at a
pretrial hearing. But when the videotape was offered in evidence at trial, appellant stated that he
had no objection. This waived any error in the admission of the videotape despite the pretrial
ruling. Moraguez v. State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986). Further, appellant
did not object when Sones later testified to the question and answer. Ethington v. State, 819
S.W.2d 854, 858 (Tex. Crim. App. 1991). (1) The second point of error is overruled.

 Appellant's third point of error also was not preserved for review. By this point,
appellant complains that the troopers were not qualified to testify with regard to the horizontal
gaze nystagmus (HGN) test because they were not shown to be experts on the subject. While
appellant objected to the officers' HGN testimony, he did not object on this ground. Tex. R.
App. P. 52(a); Tex. R. Crim. Evid. 103(a)(1). Point of error three is overruled.

 Finally, appellant contends that the trial court improperly limited his voir dire of
the jury panel. Appellant refused to take a breath test, and he argues that he was not permitted
to question the venire members concerning their attitudes toward such tests and the implied
consent law. While discussing this subject with the jury panel, defense counsel questioned them
as follows:



We've talked about the question of reasonable doubt. Take that definition.


Is there anybody who wouldn't have reasonable doubt in their mind about taking
a breath test, understanding -- knowing what they do about equipment?


One more thing about that breath test. It's not a chemical test, per se. It's an
infrared test.


MR. WATTS [prosecutor]: Your Honor, we have already heard opposing counsel
say there's not going to be a breath test. Let's not attack the thing that's not in
evidence.


MR. SHULMAN [defense counsel]: Well, but there's going to be --


THE COURT: Sustained.


MR. SHULMAN: But, Your Honor, counsel is going to refer and can refer to
failure to take it, so that has to be determined.


THE COURT: Understood, but you have gone a little far afield.


MR. SHULMAN: We take exception.


THE COURT: Exception noted.


MR. SHULMAN: Is there anybody here who would convict Mr. Saucedo because
he refused to take a breath test?



It is clear that the prosecutor's objection was not directed to any question asked by defense
counsel. Instead, he objected to counsel's attempt to give evidence concerning the nature of an
intoxylizer. This objection, and the court's ruling, did not prevent appellant from asking the
venire members any questions concerning intoxylizer tests, the implied consent law, or the
conclusions they would draw from appellant's refusal to take the test. Point of error four is
overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: June 30, 1993

[Do Not Publish]
1.   At the pretrial hearing, the court expressly stated that it was ruling only on the admissibility
of the videotape, and would reserve its ruling on the admissibility of the officer's testimony until
trial. Therefore, appellant cannot invoke Tex. R. App. P. 52(b) to excuse his failure to object to
Sones's testimony.