NO. 07-03-0293-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 17, 2005



______________________________




ANDREW FREEMAN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY; 



NO. 2002-482229; HONORABLE L. B. (RUSTY) LADD, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following a plea of not guilty, appellant Andrew Freeman was convicted by a jury
of driving while intoxicated and punishment was assessed at 180 days confinement,
suspended for 24 months, and a $500 fine. Presenting two issues, appellant questions
whether the trial court erred in allowing (1) into evidence extraneous bad acts in conflict
with Rule 404 of the Texas Rules of Evidence and article 37.07 of the Texas Code of
Criminal Procedure, and (2) the State to misstate the law during voir dire by saying that his
loss of normal use was compared to a wide range of what's normal. We affirm. 

 While on routine patrol, Officer Brandon Price observed a white truck traveling at a
high rate of speed. He turned on his radar and clocked appellant driving 85 miles per hour
in a 60 mile per hour zone. He activated the lights on his patrol car and stopped appellant. 
He detected a strong odor of alcohol on appellant's breath and also observed that his eyes
were watery and bloodshot and his speech slurred. According to Officer Price's testimony
and the videotape of the stop, he asked appellant to exit the vehicle and administered
several field sobriety tests. Following the tests, Officer Price formed an opinion that
appellant was intoxicated and arrested him.

 Appellant was placed in the back seat of the patrol car and while the video camera
was operating, made numerous statements regarding prior bad acts. He also became
belligerent, profane, and uncooperative. According to the videotape, he was not
administered Miranda warnings during the time following the stop and his transport to
municipal court.

 By his first issue, appellant contends the trial court's ruling admitting into evidence
extraneous bad acts is in conflict with Rule 404(b) of the Texas Rules of Evidence and
article 37.07, section 3(g) of the Texas Code of Criminal Procedure. We disagree. By his
argument, appellant complains of the trial court's partial denial of his motion to suppress.
He further asserts error by the trial court in failing to consider his Rule 404(b) objection, in
not requiring the State to satisfy its burden to demonstrate a need for the evidence, and by
only ruling on his Rule 403 balancing test objection.

 A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. We
apply a bifurcated standard of review giving almost total deference to the court's
determination of historical facts and reviewing de novo its application of the law to the facts. 
Laney v. State, 117 S.W.3d 854, 857 (Tex.Cr.App. 2003); State v. Ross, 32 S.W.3d 853,
856 (Tex.Cr.App. 2000); see also Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997). 
The evidence is viewed in the light most favorable to the court's ruling. Armendariz v.
State, 123 S.W.3d 401, 402 (Tex.Cr.App. 2003), cert. denied, __ U.S. __, 124 S.Ct. 1883,
158 L.Ed.2d 469 (2004). State v. Ballard , 987 S.W.2d 889, 891 (Tex.Cr.App. 1999). 
Furthermore, the trial court's ruling admitting the evidence will be upheld if it is reasonably
supported by the evidence and correct on any theory of law. In a suppression hearing, the
trial court is the sole judge of the credibility of the witnesses and the weight to be given their
testimony. Willover v. State, 70 S.W.3d 841, 845 (Tex.Cr.App. 2002).

 Before evidence may be admissible, it must be relevant. Tex. R. Evid. 401. Rule
404(b) provides that extraneous acts may be admissible for certain purposes such as proof
of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake
or accident, but are not admissible to prove a person's character or to show action in
conformity therewith. The purposes designated, however, are neither mutually exclusive
nor collectively exhaustive. Montgomery v. State, 810 S.W.2d 372, 388 (Tex.Cr.App. 1991)
(op. on reh'g). Once a Rule 404(b) objection is made, the proponent of the evidence must
persuade the trial court that the evidence has relevance apart from character conformity. 
 Id. at 387-88. If the trial court overrules the Rule 404(b) objection and determines the
evidence is relevant beyond its character conformity, it has ruled on the full extent of the
opponent's Rule 404(b) objection. Santellan v. State, 939 S.W.2d 155, 169 (Tex.Cr.App.
1997), citing Montgomery, 810 S.W.2d at 388. Id. The opponent of the evidence must
then make a Rule 403 objection requesting the trial court to weigh the probative and
prejudicial value of the evidence. Id. 

 Relying on McAllister v. State, 34 S.W.3d 346, 353-54 (Tex.App.-Texarkana 2000,
pet. ref'd), appellant argues the State was never required to carry its burden of
demonstrating that the evidence had relevance apart from character conformity. He further
contends the trial court failed to make a ruling on his Rule 404(b) objection. We disagree. 

 Officer Price testified that appellant was initially stopped for speeding. Price
approached appellant's truck and observed that he had blood shot eyes, slurred speech,
and the odor of alcohol on his breath. Appellant was asked to exit his truck and perform
sobriety tests. Following the tests, Price observed clues indicating appellant was
intoxicated and arrested him and placed him in the patrol car. Prior to being read Miranda
warnings and while being transported to municipal court, appellant made numerous
statements without any prompting or questioning from Price.

 The trial court suppressed three excerpts of the videotape of appellant's stop: (1)
Price questioning appellant about an offense for which he was granted probation; (2) Price
questioning appellant about a gun; and (3) appellant's response to Price's question
regarding how much he had to drink. The remainder of appellant's motion to suppress was
denied and the statements on the videotape were admitted into evidence as voluntary,
spontaneous statements which had not been made in response to any questioning by
Price. 

 Following the court's partial denial of the motion to suppress, defense counsel made
a further objection based on Rule 403 and requested the court to conduct a balancing test. 
In overruling the Rule 403 objection, the trial court explained:

 part of that balancing test is the State's need for such evidence and in a DWI
case especially when there is not a breath test, or any kind of chemical test,
then the Defendant's behavior is the only evidence they've got.


Although appellant argues the trial court did not rule on his Rule 404(b) objection before
conducting a balancing test under Rule 403, the record establishes that the trial court did
in fact deny portions of the motion to suppress prior to engaging in the balancing test.

 We must uphold a trial court's ruling if it is within the zone of reasonable
disagreement. Montgomery, 810 S.W.2d at 391. Additionally, a trial court's evidentiary
ruling should not be disturbed on appeal if it is correct on any theory of law applicable to
the case. Rankin v. State, 974 S.W.2d 707, 714 (Tex.Cr.App. 1996). Furthermore,
appellate review of a trial court's balancing determination rarely results in reversal and does
so only after a clear abuse of discretion. Montgomery, 810 S.W.2d at 392. 

 In McAllister, the court found error by the trial court in failing to exclude statements
of extraneous conduct on a videotape because the State did not demonstrate a permissible
purpose for the evidence and the court found none in the record. 34 S.W.3d at 354. The
error, however, was held to be harmless under Rule 44.2(b) of the Texas Rules of
Appellate Procedure. In the record before us, the court explained that without a breath test
or chemical test, evidence of appellant's behavior following his arrest was necessary to
establish an elemental fact apart from character conformity. Thus, we conclude the trial
court did not abuse its discretion in failing to suppress appellant's voluntary and
spontaneous statements made without any prompting by Officer Price. Issue one is
overruled. 

 Appellant maintains by his second issue that the trial court erred in allowing the
State to misstate the law during voir dire by mentioning that loss of normal use of his 
faculties was compared to a wide range of what is normal. We disagree. In addressing
potential jurors during voir dire, the State commented: 

 loss of normal use is not for loss of the defendant's normal use, okay. 
There's kind of a range out there of what people's normal, mental, physical
faculties are and that's the range we're working with. 


Defense counsel's objection that the law requires the State to prove the loss of the
defendant's own normal faculties was overruled.

 A person is intoxicated when he does not have the normal use of his mental or
physical faculties by reason of the introduction of alcohol, a controlled substance, a drug,
a dangerous drug, a combination of two or more of those substances, or any other
substance into the body . . . . Tex. Pen. Code Ann. 49.01(2)(A) (Vernon 2003). An
allegation that a person is intoxicated does not require proof of that person's normal
abilities; rather, it means the faculties which must be tested belong to that person. Massie
v. State, 744 S.W.2d 314, 316 (Tex.App.-Dallas 1988, pet. ref'd); see also Hernandez v.
State, 107 S.W.3d 41, 50 (Tex.App.-San Antonio 2003, pet. ref'd); Railsback v. State, 95
S.W.3d 473, 484 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd); Reagan v. State, 968
S.W.2d 571, 572 (Tex.App.-Texarkana 1998, pet. ref'd).

 Appellate courts have declined to construe an allegation that an appellant did not
have normal use of his mental and physical faculties the same as an allegation that the
appellant did not have his normal use of faculties. (Emphasis added). Railsback, 95
S.W.3d at 484; Reagan, 968 S.W.2d at 572; Massie, 744 S.W.2d at 316. An objective
standard refers to not having the normal use of faculties when compared to the non-intoxicated behavior of a reasonable person. Hernandez 107 S.W.3d at 50. A subjective
standard, on the other hand, would require the State to prove a defendant's loss of normal
use of faculties when compared to his own non-intoxicated behavior thereby placing an
unnecessary burden on the State to present evidence of a defendant's non-intoxicated
faculties. Hernandez, 107 S.W.3d at 51. An objective standard is a correct statement of
the law. Id. at 49.

 The State's comment during voir dire that loss of normal use of faculties is compared
to a "range out there" was an objective standard and not a misstatement of the law. Thus,
the trial court did not err in overruling appellant's objection. Issue two is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice



Do not publish.



>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00363-CR; 07-10-00364-CR; 07-10-00365-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
11, 2011

 



 

MANDY KAY RIPPETOE, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE 31ST AND 223RD DISTRICT COURTS OF GRAY COUNTY;

 

NO. 7227, 7228, 7388; HONORABLE LEE WATERS, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant,
Mandy Kay Rippetoe, appeals the revocation of her
community supervision in three causes, and imposition of sentences of
incarceration in each.  We affirm the
judgments of the trial court.

Background

            On
or about March 31, 2006, appellant was indicted for the offenses of arson
(trial court cause number 7227) and debit card abuse (trial court cause number
7228).  While appellant was awaiting
trial on those charges, on September 26, 2006, the State filed an information against appellant charging her with the
offense of burglary of a habitation (trial court cause number 7388).  On September 27, 2006, appellant waived her
right to an indictment on the burglary of a habitation charge and pled guilty
to each of the charged offenses. 
Appellant was sentenced to 10 years incarceration for the arson charge,
but that sentence was suspended and appellant was placed on community
supervision for seven years and ordered to pay $4,629 in restitution.  Appellant was sentenced to two years
incarceration for the debit card abuse charge, but that sentence was also
suspended for a period of three years community supervision and a $1,500
fine.  On the burglary charge, appellant
was sentenced to 10 years incarceration, which was suspended for a period of 10
years community supervision and a $1,500 fine.

            The
State filed a motion to revoke appellants community supervision in trial court
cause number 7388 on November 3, 2008. 
It then filed motions to revoke on the other two causes on November 12,
2008.  Each of these motions was amended
multiple times.  On June 10, 2009,
appellant pled true to all of the allegations in the live motion relating to
cause number 7388, and the trial court continued appellant on community
supervision with the added conditions that appellant was required to report
twice monthly and serve 30 days in the Gray County Jail.  

            On
November 19, 2009, the State filed a new motion to revoke in cause number
7388.  On September 10, 2010, the trial
court called all three causes for hearing[1]
on the States live motions.[2]  Following a hearing, during which appellant
pleaded true to certain allegations and not true to others, the trial court
sentenced appellant to seven years incarceration in cause numbers 7227 and
7388, and two years incarceration in cause number 7228. Each of the sentences
was ordered to run concurrently.

            Appellant
has appealed this judgment by one issue. 
Appellant contends that the trial court abused its discretion by
admitting documentary evidence that constituted inadmissible hearsay.

Analysis

            The
documentary evidence challenged by appellants issue is a Request/Response
Form purportedly from appellants Potter County community supervision
officer.  This form indicates that
appellant failed to report to the Potter County Community Supervision
Department for the months of July through September of 2009.  It also identifies appellants current
address in Amarillo.  At most, this
document would evidence appellants violation of the community supervision
conditions that she report to the Potter County Community Supervision
Department on a monthly basis and that she obtain permission before changing
her place of residency.  However, this
evidence has no relevance to any of the other violations of the conditions of
community supervision alleged by the States motions.

            To
support a revocation of community supervision, the State must prove by a
preponderance of evidence that the defendant violated a condition of his
community supervision.  Greer v. State,
999 S.W.2d 484, 486 (Tex.App.Houston [14th
Dist.] 1999, pet. refd) (citing Cobb v. State,
851 S.W.2d 871, 873 (Tex.Crim.App. 1993)).  Proof of a single violation is sufficient to
support a revocation.  Id.  When reviewing a trial courts order revoking
community supervision, appellate courts must determine whether the trial court
abused its discretion.  Id.  In making this determination, the reviewing
court will view the evidence in the light most favorable to the order.  Id. 
A plea of true to an alleged violation of a condition of community
supervision, standing alone, is sufficient to support the revocation of
community supervision.  Hays v. State,
933 S.W.2d 659, 661 (Tex.App.San Antonio 1996, no
pet.) (citing Moses v. State, 590 S.W.2d 469,
470 (Tex.Crim.App. [Panel Op.] 1979)).

            In
the present case, appellant pled true to violations of the conditions of her
community supervision in each of the three causes, specifically that she was
delinquent in payment of restitution, fines, and/or costs applicable to each
case.  Further, other violations
unrelated to any information contained in the Request/Response Form
challenged by appellant in this appeal were found true by the trial court.  In fact, in her brief, appellant properly
concedes that the trial court had before it other violations of community
supervision on which it could legitimately base its decision to revoke
[appellants community supervision].  As
such, the trial courts admission of the Request/Response Form into evidence,
even if erroneous, would not justify this Court reversing the trial courts
judgment.  See Greer,
999 S.W.2d at 486 (proof of single violation sufficient to support revocation);
Hays, 933 S.W.2d at 661 (plea of true to a violation, standing alone,
sufficient to support revocation). 
Consequently, we must overrule appellants issue.

            Appellant
urges this Court to reverse the trial courts findings of violations of
appellants duty to report[3]
and to remand to the trial court for reconsideration because, without the
failure to report violations, the trial court may very well have given
[appellant] the benefit of the doubt given the hardships in her life.  A similar argument was rejected by our sister
court in Sanders v. State, 657 S.W.2d 819 (Tex.App.Houston
[1st Dist.] 1983, no pet.) (op. on rehg).  We agree
with the Sanders courts analysis of this argument.

Conclusion

            Having
overruled appellants sole issue, we affirm the judgments of the trial court.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do
not publish.  

 

 











 

[1] 
By order of the trial court, these three causes were consolidated for
trial.





[2] At the September 10,
2010 hearing, the trial court acknowledged that some of the allegations
contained in the live motions had already been decided by appellants plea of
true on June 10, 2009.  To the extent
that any alleged violation in cause numbers 7227 and 7228 were addressed in the
June 10, 2009 hearing on cause number 7388, the trial court acknowledged that those
had already been determined.  Therefore,
the September 10, 2010 hearing addressed only those allegations that were not
previously determined in June of 2009.





[3] It is unclear to
this Court how a determination that the Request/Response Form was erroneously
admitted into evidence would have any bearing on the trial courts
determination that appellant failed to report to the Gray County Community
Supervision Department as required by the conditions of her community
supervision.