COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-223-CR

 

 

RONALD JOHN HESS                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Appellant Ronald John Hess appeals his conviction, $800
fine, and 150-day probated jail sentence for driving while intoxicated.  We affirm. 

                                I.  Factual and Procedural Background








Just before midnight on January 26, 2005, Brandon Allison,
a motorist traveling westbound on state highway 114 in Denton County, contacted
the City of Keller Police Department to report that he observed a vehicle
swerving dangerously close to other traffic. 
Allison continued to follow the vehicle as he remained on the line with
the police dispatcher so that he could pinpoint the location of the swerving
motorist to the responding officer. 
Within five minutes, Officer Jimmy Rodriguez arrived on the scene.  As Rodriguez approached the two cars, he asked
Allison to activate his hazard lights so that he could distinguish between
Allison=s vehicle and the
one that Allison had reported.  Rodriguez
then positioned his patrol cruiser behind the reported vehicle and conducted a
traffic stop after the driver, who was later identified as Hess, failed to
maintain a single lane of traffic and switched lanes without signaling. 








Upon approaching the vehicle, Officer Rodriguez testified
that he immediately smelled the odor of alcohol and noticed that Hess=s eyes were
bloodshot.  The officer then asked Hess
to exit the vehicle and perform three standard field sobriety tests.  The record indicates that Hess exhibited all
six clues of intoxication on the horizontal gaze nystagmus test, seven of the
eight clues on the walk‑and‑turn test, and three out of four clues
during the one‑leg stand test. 
Therefore, Officer Rodriguez determined that Hess was intoxicated and
arrested him for DWI.  A subsequent
inventory search of Hess=s vehicle revealed three bottles of
bourbon and a medium size Wendy=s cup in the
center console which contained a brownish liquid that smelled of alcohol.  At the police station, Hess refused to submit
to a breath test but did say that the drink found in the center console was his
second drink of the day. 








On April 7, 2005, Hess was charged by information with
driving while intoxicated (DWI).  He pled
not guilty to the charge, and the case was tried to a jury.  At the outset of trial, the court tendered a
copy of its proposed jury charge to the parties.  In the proposed charge, the court instructed
the jury that it Amay consider the Defendant=s refusal to
submit to a breath test as evidence in this matter.@  Hess objected to that instruction, arguing
that it constituted an improper comment on the weight of the evidence.  See Tex.
Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2006).  However, the trial court overruled the
objection.  At the close of the evidence,
Hess=s counsel re-urged
his previous objection to the charge and alternatively requested that the court
instruct the jury that it may consider a number of facts that were admitted
into evidence and were favorable to Hess as evidence in the case.[1]  Nevertheless, the trial court again overruled
Hess=s objection to the
charge and denied his request regarding the additional instructions.  The jury subsequently convicted Hess of DWI
and this appeal followed. 

                                                   II.  Discussion

A.      Comment on the Evidence

In his first issue, Hess contends that the trial court
improperly commented on the weight of the evidence by instructing the jury that
it Amay consider the
Defendant=s refusal to submit to a breath test as
evidence in this matter.@ 
Specifically, Hess argues that the court commented on the evidence by
singling out his refusal to submit to the test. 
We agree.

Article 36.14 of the code of criminal procedure provides
that: 








in each felony case . . . the judge
shall . . . deliver to the jury . . . a written charge distinctly setting
forth the law applicable to the case; not expressing any opinion as to the
weight of the evidence, not summing up the testimony, discussing the facts or
using any argument in his charge calculated to arouse the sympathy or excite
the passions of the jury. 

 

Tex. Code Crim. Proc. Ann. art. 36.14.  The primary reason for the rule is that an
instruction by the trial judge to the jury on the weight of the evidence
reduces the State=s burden of proving guilt beyond a
reasonable doubt.  Brown v. State, 122
S.W.3d 794, 798 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 938
(2004).  As recognized in Lagrone v.
State, A[j]urors are prone to seize with alacrity
upon any conduct or language of the trial judge which they may interpret as
shedding light upon his view of the weight of the evidence, or the merits of
the issues involved.@  84
Tex. Crim. 609, 615-16, 209 S.W. 411, 415 (1919).  Therefore, trial judges must refrain from
making any remark calculated to convey to the jury his or her opinion of the
evidence in a particular case. Tex. Code
Crim. Proc. Ann. art. 38.05.








A charge that assumes the truth of a controverted issue is
a comment on the weight of the evidence and is erroneous.  Whaley v. State, 717 S.W.2d 26, 32
(Tex. Crim. App. 1986).  Likewise, a
court=s jury instruction
violates article 36.14 if it Aobliquely or
indirectly covey[s] some opinion on the weight of the evidence by singling out
that evidence and inviting the jury to pay particular attention to it.@  Brown, 122 S.W.3d at 801.  Also on the Anear end@ of the Aimproper-judicial
comment@ spectrum is an
instruction that is simply unnecessary and fails to clarify the law for the
jury.  Id.

The State points us to three unpublished opinions to
support its contention that the instruction was proper.[2]  The State first argues that the instruction
did not violate article 36.14 because the instruction was neutral in that it
did not direct the jury to draw any particular inference from the evidence or
tell the jury how to relate the refusal to the ultimate issue of
intoxication.  However, even a seemingly
neutral instruction about a particular type of evidence constitutes an
impermissible comment on the weight of the evidence because such an instruction
unjustifiably singles out a particular piece of evidence for special attention.  Matamoros v. State, 901 S.W.2d 470, 477
(Tex. Crim. App. 1995).  








Additionally, the State argues that the instruction was
appropriate because it was a proper statement of the law under section 724.061
of the Texas Transportation Code.  While
that section provides that A[a] person=s refusal . . . to
submit to the taking of a specimen of breath or blood . . . may be introduced
into evidence at the person=s trial[,]@ nothing in the
statute authorizes a trial court to isolate that fact from all other evidence
presented in the case and specifically instruct the jury that it may consider
the refusal as evidence.  See Tex. Transp. Code Ann. ' 724.061 (Vernon
1999).  By enacting the statute, the
legislature clearly indicated that evidence of a refused breath test is
relevant at a DWI trial.  See Moore v.
State, 981 S.W.2d 701, 708 (Tex. App.CHouston [1st
Dist.] 1998, pet. ref'd) (op. on reh'g). 
Thus, the statute serves to assist trial court judges in determining the
admissibility of a certain class of evidence in DWI cases.  See id.  It does not serve as an explicit legal tool
enacted for the benefit of the jury.  See
Brown, 122 S.W.3d at 803. 








Thus, we hold that the instruction included in the charge
in this case constituted an improper comment on the weight of the evidence in
violation of article 36.14.  Through the
instruction, the court commented on the evidence by effectively highlighting
Hess=s refusal to take
the breath test.  Chambers v. State, 700
S.W.2d 597, 599 (Tex. Crim. App. 1985), overruled on other grounds by
Reynolds v. State, 4 S.W.3d 13 (Tex. Crim. App. 1999) ; Massie v. State,
744 S.W.2d 314, 318 (Tex. App.CDallas 1988, pet.
ref=d).  Although the jury was certainly free to
consider Hess=s refusal to submit to the test as
evidence in the case, the court was not justified in singling out that specific
piece of evidence and inviting the jury to pay particularized attention to
it.  See Brown, 122 S.W.3d at
801.  Further, Hess=s refusal to take
the test did not constitute evidence that was entitled to special consideration
under the law, see Atkinson v. State, 923 S.W.2d 21, 25 (Tex. Crim. App.
1996), abrogated on other grounds by Motilla v. State, 78 S.W.3d 352
(Tex. Crim. App. 2002), nor did the instruction clarify the law in any way for
the jury.  Brown, 122 S.W.3d at
801.  Therefore, the instruction
was wholly unnecessary, and the trial court erred in including it in the
charge.  Accordingly, we sustain
Hess=s first
issue.  

B.      Harm













Having determined that there was error in the charge, we
now must turn to Hess=s second issue and decide if sufficient
harm was caused by the error to require a reversal.  See Hutch v. State, 922 S.W.2d 166,
170-71 (Tex. Crim. App.1996).  The
standard to determine whether sufficient harm resulted from the charging error
to require reversal depends upon whether the Appellant objected.  See Olivas v. State, 202 S.W.3d 137,
144 (Tex. Crim. App. 2006) (interpreting Almanza v. State, 686 S.W.2d
157 (Tex. Crim. App. 1985) (op. on reh=g)).  When the Appellant has made a timely
objection at trial, as Hess has in this case, an appellate court will search
only for Asome harm.@  Abdnor v. State, 871 S.W.2d 726, 732
(Tex. Crim. App. 1994).  In other words, a properly preserved error will require reversal as
long as the error is not harmless.  Almanza,
686 S.W.2d at 171.  In making this
determination, Athe actual
degree of harm, must be assayed in light of the entire jury charge, the state
of the evidence, including the contested issues and weight of probative
evidence, the argument of counsel and any other relevant information revealed
by the record of the trial as a whole.@  Id.; see also Hutch,
922 S.W.2d at 171.      After reviewing
the entire jury charge, the state of the evidence, and the arguments of
counsel, we hold that the instruction in this case, albeit improper, was not
harmful to Hess.  Absent the instruction
in question, the charge is wholly unexceptional.  It contains no other erroneous or
questionable sections and the application paragraph properly instructs the jury
to find Hess guilty if Ayou find from the evidence beyond a
reasonable doubt that on or about the 26th day of January, 2005, the
defendant RONALD JOHN HESS, did then and there drive or operate a motor vehicle
in a public place located in Denton County, Texas, while intoxicated.@  See Tex.
Penal Code Ann. ' 49.04 (Vernon 2003).  The charge then states A[u]nless you so
find beyond a reasonable doubt or if you have a reasonable doubt thereof, you
will find the defendant not guilty.@  The charge also properly defined intoxication
to mean Anot having the
normal use of mental or physical faculties by reason of the introduction of
alcohol into the body,@ see Tex. Penal Code Ann. ' 49.01(2)(A), and
further directs the jury to resolve the issue of Appellant=s guilt Abased upon the
evidence admitted by the Court.@  Assuming, as we must, that the jury followed
the instructions of the trial court, Colburn v. State, 966 S.W.2d 511,
520 (Tex. Crim. App. 1998), we can not say that the erroneous instruction
reduced the State=s burden of proof in any way.








Further, as outlined above, Officer Rodriguez testified
that (1) he immediately noticed the odor of alcohol emanating from Hess=s vehicle
following the stop, (2) Hess=s eyes appeared
bloodshot, (3) Hess failed all three field sobriety tests administered at the
scene, (4) Hess refused to submit to a breath test, (5) he found a cup in the
center console containing a liquid that smelled of alcohol, and (6) following
Hess=s arrest, he found
three bottles of bourbon in Hess=s vehicle, one of
which was Amostly consumed.@  Rodriguez also stated that Hess admitted to
consuming one alcoholic beverage Abefore [he]
started driving@ and that the one found in the vehicle was
his second.  Evidence favorable to Hess=s position that he
was not intoxicated includes the videotape of his arrest, which demonstrates
that his speech was not slurred, and Rodriguez=s testimony on
cross-examination that Hess stopped, exited, and walked to the rear of his
vehicle in a Anormal@ fashion and that
he had no problems producing his driver=s license or proof
of insurance.  Although both parties
admit that this case not a Aslam-dunk,
falling-down drunk@ type of case, we can not say, given the
weight of the evidence as a whole, that the court=s instruction
caused Hess harm. 

Additionally, once the trial court admitted testimony
regarding Hess=s refusal to take the breath test, both
parties were free to argue that fact to the jury.  See Wesbrook v. State, 29 S.W.3d 103,
115 (Tex. Crim. App. 2000), cert. denied, 532 U.S. 944 (2001).  In doing so, the State argued that Hess chose
not to submit to the test because he knew he was in fact intoxicated.  The defense countered by asserting that Hess=s refusal to
supply a breath specimen is not indicative of guilt.  Defense counsel argued that by declining a
breath test, Hess simply exercised his rights under the law.  Therefore, the jury did not need any judicial
instruction to focus its attention on the refused test.  See Brown, 122 S.W.3d at 803.  Rather, the advocates quite competently did
so on their own.  See id.  Although the State referred to Hess=s refusal four
times during its closing, the record demonstrates that the prosecution did not
emphasize the court=s instruction, focus the jury=s attention on
that instruction, or exploit the instruction by placing the weight of the trial
court behind it.  Accordingly, we hold
that the instruction was harmless under the facts of this case and we overrule
Hess=s second issue.

C.      Refusal to Submit Requested Instructions 








In his third issue, Appellant contends that the trial court
deprived him of his right to due course of law under article I, section 19 of
the Texas Constitution by refusing to include his proposed jury instructions in
the charge. However, those instructions would also have singled out specific
pieces of evidence in violation of article 36.14.  See Tex.
Code Crim. Proc. Ann. art. 36.14. 
Thus, for the reasons stated above, we overrule Appellant=s third issue.[3]


                                                  III.  Conclusion

Having found the erroneous jury instruction harmless in
this case, we affirm the trial court=s judgment.

 

 

BOB MCCOY

JUSTICE

 

PANEL B:   HOLMAN, WALKER, and MCCOY, JJ.

 

PUBLISH

 

DELIVERED:  April 5, 2007











[1]Specifically, Hess requested that
the court include the following instructions in its charge to the jury:

1.       AYou may also consider the fact that [Hess] did not have
slurred speech as evidence in this [case].@

2.       AYou may [also] consider the fact that [Hess]=s response time to activation of
the police officer=s overhead lights was normal as
evidence in this case.@

3.       AYou may [also] consider the fact that [Hess] parked
parallel to the road as evidence in this case.@

4.       AYou may [also] consider the fact that [Hess]=s exit [from the vehicle] was
normal as evidence in this case.@

5.       AYou may also consider the fact that
[Hess] . . . remained in the instructional position for the walk-and-turn test
for 47 seconds as evidence in this case.@ 





[2]These cases include Smith v.
State, No. 13-05-003-CR, 2006 WL 2327365 (Tex. App.CCorpus Christi Aug. 10, 2006, no
pet.) (mem. op.) (not designated for publication), Segura v. State, No.
04-05-320-CR, 2006 WL 1748438 (Tex. App.CSan Antonio June 28, 2006, no pet.) (mem. op.) (not
designated for publication), and Belle v. State, No. 14-05-1111-CR, 2006
WL 2074662 (Tex. App.CHouston [14th Dist.] July 27, 2006,
no pet.) (mem. op.) (not designated for publication).  However, we note that these opinions are of
no precedential value in our review of this case.  See Tex.
R. App. P. 47.7.  





[3]Because the trial court did not err
in refusing to include the proposed jury instructions, we do not reach the
issue of harm raised by Hess=s final issue.